UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Cr. No. 1:13-cr-00142-PB |
| JOHNATHON IRISH ) | |

MOTION OF THE UNITED STATES FOR A
PROTECTIVE ORDER REGARDING DISCOVERY

The United States of America, by John P. Kacavas, United States Attorney for the District of New Hampshire, moves this Court, pursuant to Federal Rule of Criminal Procedure 16(d)(1) (hereafter "Rule 16(d)(1)"), for a protective order, which would prohibit the defendant (but not the defendant's counsel) from acquiring his own copies of a narrow subset of discovery containing images of multiple undercover federal law enforcement agents – a proposal to which the defendant will not assent.[1]

The discovery in this case is voluminous, comprising, *inter alia*, several thousand pages of reports and transcripts, and approximately sixty DVDs – a substantial portion of which constitute consensual audio- and video-recordings of interactions between the defendant and various individuals. Seven of those sixty DVDs depict, by video, the defendant selling self-built assault rifles to undercover federal law enforcement agents on three separate occasions. For the following reasons, the United States is requesting a protective order, pursuant to Rule 16(d)(1), modifying the manner in which the defendant (but, importantly, *not* the defendant's counsel) has access to the few videotapes depicting those undercover federal law enforcement agents:

---

[1] A draft of the proposed Protective Order, substantially as proposed to the defendant, is attached hereto as Exhibit 1.

1

(1) The defendant, Johnathon Irish, has been affiliated with a series of militia groups of both local and national reach, to which he could easily, with modern technology, disseminate copies of these agents' likeness.

(2) The defendant, Johnathon Irish, has made multiple statements in recorded telephone calls indicating that he might go to such lengths.  Specifically, the defendant was recently recorded stating that anyone who has anything to do with his daughter being placed in state custody will "have hell to pay" when the defendant is released from prison.  The defendant has also acknowledged during recent recorded calls that he has ascertained the home address of one of the federal case agents, and knows where that agent's family attends church.

(3) The undercover agents in this case are highly skilled and successful undercover agents who hope to continue doing undercover work on similar cases in this district, but neither their safety, nor their effectiveness could be adequately protected if they can be easily identified through a permanent record such as their likeness, should copies of these videotapes be disseminated.

Where "good cause" has been shown, a protective order that limits a criminal defendant's access to specified discovery materials is an appropriate use of the Court's discretion.  Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); Alderman v. United States, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."); see also United States v. Campa, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing "[t]he broad authority of the district court to regulate discovery" in a criminal case).

Indeed, such limitations often arise in child pornography cases, where, because the images themselves are contraband, the government makes the images available for inspection, but does not allow the items to be copied and independently possessed by the defendant, or even by the defendant's counsel. Courts have deemed this practice a reasonable method to reconcile the competing interests of open discovery and the potential public dissemination of sensitive materials, absent a specific showing that the defendant's physical possession of the government's evidence is necessary to prepare for trial. Compare United States v. Kimbrough, 69 F.3d 723, 731 (5th Cir. 1995) ("The Government's offer to make the materials available for inspection but not to allow them to be copied was reasonable."), *and* United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999) (similar), *with* United States v. Frabizio, 341 F.Supp.2d 47, 51 (D. Mass. 2004) (holding that physical possession of child pornography images by the defendant's counsel and the defense expert was necessary to conduct an adequate expert analysis).

The relief sought here is even less intrusive. The United States has offered to provide discovery to counsel for the defendant under the expansive discovery practice of the District of New Hampshire. To wit, as outlined in the proposed Protective Order, the United States has offered to furnish to defendant's counsel all of the documents and videos described above, with only one narrow limitation: that the defendant himself not be provided with his own copies of the seven videos depicting images of the undercover agents – a remedy previously fashioned by at least one federal district court. See, e.g., United States v. Fiel, 2010 WL 3396803 (E.D. Va., August 25, 2010) (giving the defendant limited, controlled access to sensitive government videos at a neutral location, rather than providing the defendant with independent possession of, and unfettered access to, his own copies). A protective order of such limited scope would neither impose an undue burden on the defendant and his counsel, nor prejudice their ability to prepare

for trial.[2]  Moreover, such an order would serve to safeguard the identities of multiple federal law enforcement agents who put their lives at risk on a regular basis to investigate dangerous crimes, and thus protect the communities that they serve.  Cf. United States v. Roberts, 793 F.2d 580, 587 (4th Cir. 1986) (explaining that Rule 16(d) vests district courts with broad discretion to "limit," "condition," or "absolutely prohibit" the disclosure of discovery materials in criminal cases if doing so is "in the interests of witness security"); United States v. Barbeito, 2009 WL 3645063, at *1 (S.D. W. Va., October 30, 2009) ("It is appropriate . . . to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants.").

For the foregoing reasons, the United States respectfully requests that the Court grant the proposed Protective Order, which is attached hereto as Exhibit 1.

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

Date: December 31, 2013

/s/ Nick Abramson
Assistant U.S. Attorney
Massachusetts Bar # 672267
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
Nick.Abramson@usdoj.gov

---

[2] To the extent the defendant contends that the terms of the proposed Protective Order somehow impede his ability to prepare for trial, the Court should note that, as part of the expansive discovery package not subject to this proposed Protective Order, the defendant will receive directly (1) audio recordings of the "protected" videotapes, and (2) transcripts of those audio recordings.  Accordingly, the only items to which the defendant would not have unfettered access are the videos/images themselves.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of December, 2013, a copy of the Motion for a Protective Order, and the proposed Protective Order (Exhibit 1), were electronically served upon Jonathan Saxe, Esq., counsel for the defendant.

                                        /s/ Nick Abramson_____
                                        Nick Abramson
                                        Assistant U.S. Attorney