UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v. ] | Cr. No.13-cr-00142-PB |
| ] | |
| JOHNATHON IRISH ] | |

## NOTICE OF AFFIRMATIVE DEFENSES

The defendant, Johnathon Irish, through counsel, Jonathan R. Saxe, Assistant Federal Defender, files this notice of intent that he may rely at trial upon one or more of the following affirmative defenses: entrapment, derivative entrapment, entrapment by estoppel and good faith

Grounds follow.

**Entrapment:** Mr. Irish may assert that the government, or an agent thereof, actually induced the commission of the offense of engaging in the business of dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) , and which Mr. Irish was not otherwise predisposed to commit. *See* Jacobson v. United States, 503 U.S. 540, 118 L. Ed. 2d 174, 112 S. Ct. 1535 (1992). In support of this defense, Mr. Irish may present evidence that he was induced to commit the offense through conduct and statements of Milton Abrams, working under the direction of Federal agents, and by Federal Agents acting in an undercover capacity

**Derivative Entrapment:** Mr. Irish may assert the defense of "derivative entrapment" in which the government uses a private party as its agent. *See* U.S. v.

1

Washington, 106 F.3d 983, 993, note 6 (D.C. Cir 1997).  He may assert that the private party which the government used as its agent was Milton Abrams, a licensed federal firearms dealer, doing business as Charlie Company.

**Entrapment by Estoppel:** Mr. Irish may rely on the aforementioned facts and assert the defense of entrapment by estoppel, wherein he may establish (1) that a government official in the form of a Federally Licensed Firearms Dealer, Milton Abrams doing business as Charlie Company, led him to believe that the acts he was being asked to perform were legal; (2) that he relied on that advice; (3) that his reliance was reasonable; and (4) that, given the reliance, prosecution would be unfair.  See United States v. Smith, 940 F.2d 710, 715 (1st Cir.1991); U.S. v. Ellis, 168 F.3d 558, 561 (1st Cir. 1999).

**Good Faith:** Mr. Hansen may assert that he was acting in good faith in committing certain acts which gave rise to the charge of engaging in the business of dealing in firearms without a license as charged in the indictment, in that he had been assured by Milton Abrams that his conduct was legal.

Wherefore, the defendant, Johnathon Irish, submits this notice of affirmative defenses that he may rely upon at trial, for the Court's and opposing counsel's consideration.

    Respectfully submitted,

    JOHNATHON IRISH,
    By His Attorney,

| | |
|---|---|
| Date:  March 24, 2014 | /s/ Jonathan R. Saxe<br>Jonathan R. Saxe<br>N.H. Bar No. 8226<br>Assistant Federal Defender<br>Federal Defender Office<br>22 Bridge Street<br>Concord, NH 03301<br>Tel. (603) 226-7360<br>E-mail: jonathan_saxe@fd.org |

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on the following persons on March 24, 2014,  and in the manner specified herein: electronically served through ECF to AUSA Nick Abramson and US Attorney John Kacavas.

>/s/ Jonathan R. Saxe
>Jonathan R. Saxe
>N.H. Bar No. 8226
>Assistant Federal Defender
>Federal Defender Office
>22 Bridge Street
>Concord, NH 03301
>Tel. (603) 226-7360
>E-mail: jonathan_saxe@fd.org