UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                                    Case No. 13-cr-142-1-PB

Johnathon Irish

**ORDER OF DETENTION PENDING TRIAL**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on March 27, 2014, for the purpose of determining whether the defendant should be detained.  The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings.  See 18 U.S.C. § 3142(i)(1).

The defendant has been charged by Indictment with making a false statement in the acquisition of a firearm (18 U.S.C. § 922(a)(2)), making material false statements to a federal agent (18 U.S.C. § 1001); and engaging in the business of dealing in firearms without a federal license (18 U.S.C. § 922(a)(1)(A)).

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this

determination, the court must consider the following:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  The government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

**Findings and Rulings**

In this case, the indictment itself constitutes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

In the instant case, the government argued that defendant's release posed a serious risk of danger.  The court issued its ruling and explained its rationale orally from the bench.  The

court incorporates its oral ruling herein and, for the reasons stated on the record, finds that the government met its burden of proving that defendant's release, even on strict conditions, presents too serious a risk of danger.

Defendant's criminal record makes it clear that he is a recidivist, and one prone to employ violence; he has made very serious threats of violent retribution against potential witnesses and law enforcement agents in this case while incarcerated and release on bail would enable him to carry out such threats; the evidence of guilt is particularly strong in this case; and, defendant's attitude and characteristics as evidenced at the hearing virtually compel the conclusion that his release even in the strictest of conditions would not serve to adequately protect other persons and the community.

### Conclusion

There are no conditions or combination of conditions of release that will reasonably assure the safety of the community or the appearance of defendant.  Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being

3

held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 27, 2014

cc:  John P. Kacavas, USA
     Nick Abramson, AUSA
     Jonathan R. Saxe, Esq.
     U.S. Marshal
     U.S. Probation

4