# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal Case No. 1:13-cr-00142-PB** |
| **v.** ) | |
| ) | |
| **JOHNATHON IRISH** ) | |
| _____ ) | |

## UNITED STATES' REPLY TO DEFENDANT'S MOTION TO NOTIFY THE COURT

On August 8, 2014, the defendant filed a Motion to Notify the Court and for Hearing on Discovery/Dismis[s]al and For Change of Evaluation Location.  In that motion, the defendant stated, *inter alia*, as follows:

> The Correctional officers at Brooklyn MDC informed the defendant that there is a 2-3 month waiting list for a psych evaluation to be completed at any federal medical facility . . . . This Honorable Court, Judge Barbadoro ordered that the evaluation be completed within 20 day[]s but no more than 30 day[]s.  Therefore, it is impossible for the B.O.P. [t]o complete an evaluation in the ordered time frame.

United States v. Johnathon Irish, 13-cr-00142-PB (D. N.H. August 8, 2014) (Docket No. 63, Paragraphs 6 and 7).

While the government has no way to verify what the defendant may have been told by Brooklyn MDC correctional officers, it has, as the Court requested, verified that the defendant's evaluation will be completed in the requisite timeframe.  Specifically, at the defendant's July 30, 2014 Status of Counsel hearing, the Court ordered the government to inquire as to the feasibility of completing the defendant's competency evaluation in 20 days (and no more than 30 days).  As soon as the defendant's destination within the Bureau of Prisons was identified – on Friday, August 1, 2014 – counsel for the government, pursuant to the Court's Order, contacted the

Psychology Department at Brooklyn Metropolitan Detention Center.  During that telephone call, and in subsequent conversations, the government was assured by the Psychology Department, and by the defendant's treating physician, Dr. DiMisa, that the evaluation could be completed within 20 days of the defendant's arrival at the facility.  Given that the defendant arrived, for treatment purposes, on August 7, 2014, the evaluation is expected to be completed by August 26, 2014, with a report to follow within 14 days.  Accordingly, the Bureau of Prisons has acknowledged the Court's request to expedite the defendant's competency evaluation, has consequently placed him ahead of several prisoners awaiting similar evaluations, and will complete the evaluation in the required timeframe.

 WHEREFORE, the government respectfully requests that the Court deny the defendant's Motion, in part, to change the evaluation location, as the resulting disruption in the evaluative process would only serve to prolong what all parties in this case hope to expedite.[1]

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

By:   /s/ Nick Abramson_____
Nick Abramson
Assistant United States Attorney
MA Bar No. 672267
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552

Date: August 11, 2014   Nick.Abramson@usdoj.gov

---

[1] While the defendant identifies other requests for relief – specifically, an opportunity to be heard on claims that his underlying case should be dismissed because of its alleged connection to events involving the custody of his daughter in 2010 – the government takes no position at this time.  As the Court explained at the July 30, 2014 Status of Counsel hearing, this is a multi-step process, the first step being to complete the ordered competency evaluation. The government therefore recommends that these additional requests for relief be revisited once the defendant's evaluation has been completed, and his competency has been adjudicated.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via ECF to Lawrence Vogelman, Esq., counsel for defendant.

/s/ Nick Abramson
Nick Abramson
Assistant United States Attorney