UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| UNITED STATES OF AMERICA, | \* |
| | \* |
| v. | \*   Docket No.  1:13-CR-00142-PB-1 |
| | \* |
| JOHNATHON IRISH | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOHNATHON IRISH'S RESPONSE
## TO OBJECTION TO MOTION FOR BAIL

Pursuant to Court order dated November 5, 2014, Johnathon Irish files the following response to the government's objection to his motion for bail.

1.  The one telephone call that was supplied which allegedly occurred on 18 December 2013, was actually a visit recording from the sounds of it, in the beginning I clearly discuss some of the issues I have had with the medication Doxepin, a psychotropic medication which causes severe altered mental status and violent behavior in me when taking any medication like that.  I was forced by medical at Rockingham County Jail to take this medication from 22 November 2013, until after Christmas 2013, 25 December 2013, when I began to refuse it due to the negative effects that I was suffering from as a result of the medication.

2.  My lack of recollection of this alleged 18 December 2013, conversation as well as the alleged threat coincide with the severe altered mental status cause by the medications is why I cannot take psychotropic medications and began to refuse it and showed such great concern to Judge Barbadoro about being forced to take any medication.

3.     In the recorded conversation of 18 December 2013, I am visiting with my mother and a friend, Katherine Wood, I begin by discussing some visual issues caused by the medication then start asking about James Brown (who is no longer a witness due to court fives dismissal) I do not say that I will "snatch" or "slash" Mr. Brown's throat, I say I will "smash" his throat, actions/comments which are severely out of my character which were caused by the severe altered mental status caused by the Doxepin!!!

4.     Mention of May and October 2011, YouTube videos.  Both videos meant as a "public statement" in response to my daughter, Cheyenne's, 2010 abduction and the continued harassment and stalking of social workers and specific law enforcement officer whom were stalking and harassing our entire family and trespassing on our property while off duty.

5.     Mention of 23 February 2012, rally and "firefight" with L.E., concern was clearly mentioned that everybody was concerned with L.E. provoking others and vice versa because there had been public threats of provocateurs so I felt it not proper to bring my child.

6.     Mention of August 2012, I explained in court is part of transcript.  No charges at all ever.

7.     September 2012, I explained in court matter of transcript.  2012, not 2013.  No charges ever.

8.     Mention of October 2013, I allegedly ask to fire blank rounds to scare children, "lie."  What I discussed was the "zombie apocalypse tour" that we were doing at Liquid Planet Water Park for Halloween where we used blank rounds in our rifles as part of our "zombie apocalypse" skit to make it realistic.

9. No threat is posed to any supposed witness!!! The "throat" statement was made while in severe altered mental state due to forced medication and was referred to Mr. James Brown, who was only testifying for count 5 and will no longer be testifying due to count 5 being dismissed and Stephanie will testify that I am no threat to her and why she changed her testimony. Also see pages 7, 8 and 9 of NHPD discovery to verify.

10. Again mention of alleged threat toward Phil. No threat was ever made. He is just making a scene because I know that he lived three streets away from me which is public knowledge and on the Internet, Google search "Phil Christiana F.B.I." and you will fine "Mylife.com" link/website. I only know where they go to church because the church is at the end of my old road, Haigh Road in Brentwood and Stephanie and I saw him one Sunday morning when we were going to go to church then decided not to once we saw him.

11. The allegation of my trying to obtain a firearm upon release is hearsay, however, partially correct. I had spoken to Jon Saxe and he asked me if I knew of anyone who could get me illegal guns because that is the type of thing that the feds wanted and I told him I only knew of one person who had ever mentioned that type of thing to me and Saxe told me to make contact with that person and try to set it up, therefore, I contacted James Brown, who was with that person ("Tom Arnold") and I spoke to Tom and he said "Get out and we will talk about it then!" That was all that transpired on the matter.

12. Never used firearms to "support aggressive behaviors" as alleged by the Government, only for self-defense and only drew my weapon once and even then the weapon muzzle remained pointed down at the deck/ground (September 2012, Anthony

Lombardi). No charges brought forward because no crime was committed. Stand your ground law.

13. Home confinement, GPS, constant check-in from house land line phone there are plenty of conditions to ensure/satisfy concern and my whereabouts.

14. Mention of "my ability and knowledge to build firearms, specifically semi-automatic carbines from parts and components" is a ridiculous claim as to refraining from possessing firearms on bail for several reasons. (1) that argument mentioned above is equal to claiming that any convicted felon with access to YouTube or the Internet is a "felon in possession of firearms and/or explosives" because the information to build firearms and explosives are so readily available on the Internet. (2) That with that argument, that if I were to ever be convicted of a felony that I should never be released from prison even after my sentence is completed because of said knowledge and ability. Where is the line of ludicrous and ridiculousness drawn?

15. I am no threat to anyone! If I pose a threat before trial, I would pose a threat post trial/conviction; a reasonable person would see how a threat would be more prevalent after a conviction than before a conviction.

16. Government offered 12 months and one day plea releasing me mid-October 2014. If I was in fact a threat, why would they release me then with a conviction and supervised release but not now pre-trial bail with supervision? Therefore, their entire argument is flawed and especially a moot point!!

Respectfully submitted,

JOHNATHON IRISH

By his attorneys,

NIXON, VOGELMAN, BARRY,
SLAWSKY & SIMONEAU, P.A.

Date:  November 20, 2014          By:    */s/ Lawrence A. Vogelman*
                                          Lawrence A. Vogelman #10280
                                          77 Central Street
                                          Manchester, NH 03101
                                          (603) 669-7070
                                          Email:  lvogelman@DaveNixonLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response has this date been electronically mailed to John Kacavas and Nick Abramson, counsel for the government, and conventionally mailed to Johnathon Irish.


 */s/ Lawrence A. Vogelman*
Lawrence A. Vogelman