UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal Case No. 1:13-CR-00142-PB** |
| **v.** ) | |
| ) | |
| **JOHNATHON IRISH** ) | |

### GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, respectfully requests that the attached proposed instructions be included in the charge to the jury at the conclusion of closing arguments.

The United States further asks for leave to file additional requests for jury instructions, or modify the attached proposed instructions, as may become appropriate and necessary in light of any requests for instructions filed by the defendant or in light of the evidence admitted during the trial.

Dated: December 11, 2014

Respectfully submitted,

JOHN P. KACAVAS
United States Attorney

/s/ Nick Abramson
Assistant U.S. Attorney
Massachusetts Bar # 672267
53 Pleasant Street, 4th Floor
Concord, New Hampshire 03301
(603) 225-1552
Nick.Abramson@usdoj.gov

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

### The Nature of the Offenses Charged

The Indictment charges the defendant with two counts of criminal conduct: Count One charges the defendant with aiding and abetting the making of a material false statement in connection with the acquisition of a firearm, in violation of Title 18, United States Code, Sections 2 and 922(a)(6); and Count Two charges the defendant with making a material false statement to a federal agent in violation of Title 18, United States Code, Section 1001.[1]

---

[1] See 18 U.S.C. §§ 2, 922(a)(6), 1001.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

### Definition of "Firearm" and "Ammunition"

Because one of the crimes with which the defendant has been charged involves the purchase or possession of a "firearm," I will define that term for you now.

The term "firearm," in the context of this case, means either of two things:

(1) Any weapon which will, or is designed to, or may be readily converted to, expel a projectile by the action of an explosive; or

(2) The frame or receiver of any such weapon.[2]

The parties have agreed, and I now instruct you, that the "lower receiver" of a rifle, also described during the course of this trial as an "AR Lower Receiver," or an "MA-15 Lower Receiver," constitutes a firearm for purposes of the crimes charged.

---

[2] 18 U.S.C. § 921(a)(3)(A), (B).

## **GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3**

## **The Statutes Defining the Offense Charged in Count One**

Count One of the Indictment charges as follows:

> On or about September 21, 2013, in the District of New Hampshire, the defendant, Johnathon Irish, did knowingly, intentionally, and unlawfully aid and abet the making of a material false statement in connection with the acquisition of a firearm, that is a Matrix Aerospace Corp. model MA-15 assault rifle lower receiver with serial number 556011791, from Riley's Sport Shop, Inc. of 1575 Hooksett Road in Hooksett, New Hampshire, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code. To wit, the defendant did aid and abet an individual to knowingly make a false and fictitious written statement to Riley's Sport Shop, which statement was intended and likely to deceive Riley's Sport Shop as to a fact material to the lawfulness of such sale of the firearm under Chapter 44 of Title 18, in that the individual, at Irish's request, represented on the ATF Form 4473 that she was the actual transferee/buyer of the firearm when, in fact, Johnathon Irish was the actual transferee/buyer of the firearm. In violation of Title 18, United States Code, Sections 2 and 922(a)(6).

Section 922(a)(6) of Title 18 of the United States Code provides, in pertinent part, that:

> It shall be unlawful for any person in connection with the acquisition or attempted acquisition of any firearm . . . from a licensed dealer . . . knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such . . . dealer . . . with respect to any fact material to the lawfulness of the sale or other disposition of such firearm . . . .[3]

Section 2 of Title 18 of the United States Code provides, in pertinent part, that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.[4]

---

[3] 18 U.S.C. § 922(a)(6).

[4] 18 U.S.C. § 2.

4

## **GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4**

## **Essential Elements of the Offense Charged in Count One – Sections 922(a)(6), 2**

For you to find the defendant guilty of the crime charged in Count One of the Indictment, you must be convinced that the government has proven each of these four elements beyond a reasonable doubt:

> **First**, that the defendant's girlfriend, Stephanie Taylor, knowingly made a false statement in connection with the acquisition of a firearm from a licensed firearms dealer;
>
> **Second**, that at the time Taylor made the statement, she was trying to purchase a firearm from a licensed dealer;
>
> **Third**, that the false statement was intended or likely to deceive the licensed firearms dealer about a fact material to the lawfulness of the sale; and
>
> **Fourth**, that the defendant, Johnathon Irish, consciously shared Taylor's knowledge of the false statement, intended to help her, and took part in the endeavor, seeking to make it succeed.

The government does not have to prove that the defendant knew that he was violating the law. Rather, the government need only prove that the defendant consciously shared Taylor's knowledge of the falsity of her statement, and took part in the endeavor.[5]

A statement is "false" if it is untrue when made.

A false statement is made "knowingly" if the person making it knows that it is false, or recklessly fails to ascertain the meaning of the questions contained in the firearm application, and simply answers the questions without regard to whether the answers are truthful.[6]

---

[5] United States v. Edgerton, 510 F.3d 54, 57 (1st Cir. 2007).

[6] United States v. Santiago-Fraticelli, 730 F.2d 828, 831 (1st Cir. 1984).

5

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant, or the defendant's accomplice, knew or intended at a particular time, you may consider any statements made or acts done or omitted by the individual and all other facts and circumstances received in evidence that may aid in your determination of the individual's knowledge or intent.  You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

A fact is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the licensed firearms dealer as to whether it is lawful to sell the firearm to the buyer, regardless of whether the licensed firearms dealer actually relies upon the statement.

I am instructing you now that a response to Question 11a on the ATF Form 4473, that you are the true purchaser/transferee of a firearm when, you are not, in fact, the true purchaser/transferee of a firearm, is a "material" false statement under Title 18, United States Code, Section 922(a)(6).[7]/[8]

Additionally, you have heard evidence that the defendant could have lawfully purchased the firearm for himself under federal law.  That evidence is irrelevant to determining whether the

---

[7] See United States v. Abramski, 134 S.Ct. 2259, 2272 (2014) ("[F]or all the reasons we have given, the firearms law contemplates that the dealer will check not the fictitious purchaser's but instead the true purchaser's identity and eligibility for gun ownership.  By concealing that [another individual] was the actual buyer, the [individual who physically purchased the firearm from the dealer] prevented the dealer from transacting with the [actual buyer] face to face . . . .  We can hardly think of a misrepresentation any more material to a sale's legality."); see also United States v. Morales, 687 F.3d 697, 700-01 (6th Cir. 2012) ("[W]e . . . hold that the identity of the actual purchaser is material to the lawfulness of the firearms transaction [under § 922(a)(6).")]; United States v. Frazier, 605 F.3d 1271, 1279 (11th Cir. 2010) ("Whether the identity of the purchaser is a fact material to the lawfulness of the transaction . . . is purely a question of law," and holding that misrepresentation of identity is material).

[8] See also United States v. Ulrick Lucien, Jury Instructions, Cr. No. 11-cr-159-JD, Document 70 (D. N.H., Feb. 6, 2013) (instructing the jury as a matter of law that a specific misrepresentation on Form 4473 – the defendant's current residence address – was a material misrepresentation under 18 U.S.C. § 922(a)(6)).

defendant committed the aiding and abetting offense charged here.  A defendant who assists another to make a false statement to a federally licensed firearms dealer in connection with the acquisition of a firearm for the defendant is guilty of the aiding and abetting offense, even if the defendant could have lawfully bought the firearm himself without using the straw purchaser.[9]

---

[9] See United States v. Abramski, 134 S.Ct. 2259 (2014); Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2014), § 4.18.922(a), Comment 6.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

## The Statute Defining the Offense Charged in Count Two

Count Two of the Indictment charges as follows:

> On or about February 28, 2013, in the District of New Hampshire, the defendant, Johnathon Irish, did willfully and knowingly make and cause to be made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of a department or agency of the United States, by telling Special Agent Philip Christiana of the Federal Bureau of Investigation, during a federal investigation into the defendant's firearms activities, that he had sold all of his firearms to a friend. The statement and representation was false because, as Johnathon Irish then and there knew, he had not sold any of the firearms about which Special Agent Christiana was inquiring. In violation of Title 18, United States Code, Section 1001.

Section 1001(a)(2) of Title 18 of the United States Code provides, in pertinent part, that:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes any materially false, fictitious, or fraudulent statement or representation . . . [shall be guilty of an offense against the United States.][10]

---

[10] 18 U.S.C. § 1001(a)(2).

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

## Essential Elements of the Offense Charged in Count Two – Section 1001

For you to find the defendant guilty of the crime charged in Count Two of the Indictment, you must be convinced that the government has proven each of these five elements beyond a reasonable doubt:

**First**, that the defendant made a statement to a federal agent;

**Second**, that the statement was false or fraudulent;

**Third**, that the false statement is material;

**Fourth**, that the defendant made the statement knowingly and willfully; and

**Fifth**, that the statement pertained to an activity within the jurisdiction of a federal agency.[11]

A statement is "false" if it was untrue when made.

A statement is made "knowingly and willfully" if the defendant knew that it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid learning the truth.[12]

A statement is "material" if it has a natural tendency to influence or to be capable of influencing the decisions or actions of the agent to whom it was addressed, regardless of whether the agent actually relied upon it. The alleged false statement need not have actually influenced the decisions or actions of the agent to whom it was addressed, and the agent need not have been actually deceived.[13]

---

[11] United States v. Dedman, 527 F.3d 577, 598 (6th Cir. 2008); see United States v. Duclos, 214 F.3d 27, 33 (1st Cir. 2000).

[12] United States v. London, 66 F.3d 1227, 1241-42 (1st Cir. 1995).

[13] United States v. Corsino, 812 F.2d 26, 30 (1st Cir. 1986).

A matter is "within the jurisdiction of a federal agency" if the federal agency has the power to exercise authority in that matter.[14]  I am instructing you now that the statement alleged in Count Two of the Indictment pertains to an activity within the jurisdiction of a federal agency, specifically, the Federal Bureau of Investigation.[15]

---

[14] See United States v. Rodgers, 466 U.S. 475, 479 (1984) ("A department or agency has jurisdiction . . . when it has the power to exercise authority in a particular situation.").

[15] See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.1001, Comment 6 (2013) ("The statute deals only with false statements 'within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States. [. . .]  Whether [the false statement] was made [in the specified context] is a jury issue.  *It should be a separate question for the judge whether that . . . context brings it 'within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.'*") (emphasis added); United States v. Shafer, 199 F.3d 826, 828 (6th Cir. 1999) ("The primary question in this case [,] whether the false statements [under § 1001] were made in a matter that is within the jurisdiction of a federal agency[,] is a question of law that we review de novo.").

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

## Consider Each Count Separately

A separate crime is charged in each of the two counts of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to the other count.[16]

---

[16] O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.12 (5th Ed. 2000).

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was served via ECF to Lawrence Vogelman, Esq., counsel for defendant.

                                               /s/ Nick Abramson
                                               Nick Abramson
                                               Assistant United States Attorney