U.S. DISTRICT COU
DISTRICT OF NEW HAM.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

DEC 11 2014

**FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNATHON IRISH | ) |

No. 1:13-cr-00142-PB

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the

United States of America by its attorney, John P. Kacavas, the United States Attorney for the

District of New Hampshire, the defendant, Johnathon Irish, and the defendant's attorney,

Lawrence A. Vogelman, Esquire, enter into the following Plea Agreement:

1. The Plea and the Offense.

The defendant agrees to plead guilty to Counts One and Two of the Indictment, charging

him with aiding and abetting the making of a material false statement in connection with the

acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 2 (Count One); and

making a material false statement to a federal agent in violation of 18 U.S.C. § 1001 (Count

Two).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.

2. The Statute and Elements of the Offenses.

Title 18, United States Code, Section 922(a)(6) provides, in pertinent part:

> It shall be unlawful . . . for any person in connection with the
> acquisition or attempted acquisition of any firearm or ammunition
> from a licensed . . . dealer . . . knowingly to make any false or
> fictitious oral or written statement or to furnish or exhibit any false,
> fictitious, or misrepresented identification, intended or likely to

> deceive such . . . dealer . . . with respect to any fact material to the
> lawfulness of the sale or other disposition of such firearm or
> ammunition under the provisions of this chapter.

18 U.S.C. § 922(a)(6). Title 18, United States Code, Section 2 provides, in pertinent part:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal.

18 U.S.C. § 2.

The defendant understands that the offense of aiding and abetting the making of a false

statement in connection with the acquisition of a firearm has the following elements, each of

which the United States would be required to prove beyond a reasonable doubt at trial for Count

One:

> FIRST, that an individual knowingly made a false statement as charged in the indictment;
>
> SECOND, that at the time the individual made the false statement, that individual was
>
> trying to purchase a firearm from a federally licensed firearms dealer;
>
> THIRD, that the statement was intended to, or likely to, deceive the licensed dealer about
>
> a fact material to the lawfulness of the sale; and
>
> FOURTH, that the defendant consciously shared that individual's knowledge of the false
>
> statement, intended to help the individual, and took part in the endeavor, seeking to make
>
> it succeed.

First Circuit Pattern Jury Instructions, Criminal Cases, §§ 4.18.922(a), 4.18.2 (2012).

Title 18, Section 1001 reads, in pertinent part, as follows:

> Whoever, in any matter within the jurisdiction of the executive,
> legislative, or judicial branch of the Government of the United
> States, knowingly and willfully . . . makes any materially false,
> fictitious, or fraudulent statement or representation . . . [shall be
> guilty of a crime].

18 U.S.C. § 1001. The defendant understands that the crime of making a material false statement to a federal agent has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial for Count Two:

FIRST, that the defendant made a statement to a federal agent;

SECOND, that the statement was false;

THIRD, that the statement was material;

FOURTH, that the defendant made the statement knowingly and willfully; and

FIFTH that the statement pertained to an activity within the jurisdiction of a federal

agency.

See First Circuit Pattern Jury Instructions, Criminal Cases, § 4.18.1001 (2012); United States v. Dedman, 527 F.3d 577, 598 (6th Cir. 2008).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts and those facts would establish the elements of the offenses beyond a reasonable doubt:

On or about February 28, 2013, in the District of New Hampshire, the defendant was being interviewed by law enforcement agents, including a special agent from the Federal Bureau of Investigation, concerning the whereabouts of multiple firearms that he owned. The interview was conducted, in part, in furtherance of an ongoing federal investigation into the defendant's firearms activities. During that interview, the federal agent asked the defendant to identify the current location of the defendant's personal firearms. In response to the federal agent's question, the defendant stated that he had sold all of his firearms to a friend named "Tony." At the time

Case 1:13-cr-00142-PB   Document 102   Filed 12/11/14   Page 4 of 13

the defendant made that statement, he knew that he had not sold any of those firearms to a friend named "Tony," and in fact knew instead that the firearms had been concealed in a place from which he intended to retrieve them at some point in the near future. The statement was intended to influence the beliefs and investigatory actions of the special agent to whom it was addressed.

Several months later, on September 21, 2013, the defendant drove his girlfriend, hereafter referred to as "S.T.," to Riley's Sport Shop, Inc. of 1575 Hooksett Road in Hooksett, New Hampshire, which is a federally licensed firearms dealer. The defendant identified a firearm that he wished S.T. to purchase for him – specifically, an assault rifle lower receiver – and upon arriving at Riley's, provided S.T. with the funds to purchase the firearm. While the defendant waited, S.T. filled out the requisite A.T.F. Form 4473 to purchase a Matrix Aerospace Corp. model MA-15 assault rifle lower receiver with serial number 5560179. On that Form 4473, S.T. stated, at the defendant's request, that she was the actual transferee/buyer of the firearm when, in fact, the defendant was the actual transferee/buyer of the firearm. While the defendant was not a prohibited person at the time of the purchase, he had S.T. purchase the firearm for him in order to avoid the background check, and any potential associated delays in receiving the firearm. At the conclusion of the transaction, S.T. paid the money provided to her by the defendant, took possession of the assault rifle lower receiver, and upon exiting Riley's store, immediately handed that lower receiver to the defendant, who subsequently incorporated the lower receiver into a completed assault rifle which he sold approximately two weeks later.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offenses are:

A.     A maximum prison term of 10 years of imprisonment for Count One, and a maximum term of 5 years of imprisonment for Count Two;

B.   A maximum fine of $250,000; and

C.   A term of supervised release of not less than one year, and not more than three years.  18 U.S.C. § 3583(b)(2); U.S.S.G. § 5D1.2(a)(2).

The defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release.

The defendant also understands that he will be required to pay a special assessment of $100 for each count of conviction, at or before the time of sentencing.

5. <u>Sentencing and Application of the Sentencing Guidelines.</u>

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines.  The defendant further understands that he has no right to withdraw his guilty plea if the applicable advisory guideline range or his sentence is other than he anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

A.   Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.   Respond to questions from the Court;

C.   Correct any inaccuracies in the pre-sentence report;

D.   Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range within the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

6. <u>Sentencing Stipulations and Agreements.</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), the parties agree to the following stipulations:

(1) The United States agrees that it will not seek charges against the defendant based on the actions set forth in dismissed counts Three (Making a Material False Statement to a Federal Agent, 18 U.S.C. § 1001), Four (Engaging in the Business of Dealing Firearms Without a Federal Firearms License, 18 U.S.C. § 922(a)(1)(A)) and Five (Possessing a Firearm while being an unlawful user of controlled substances, 18 U.S.C. § 922(g)(3) of the Indictment unless the defendant engages in additional criminal conduct during the period of his supervised release. This stipulation does not require the defendant to waive any defenses he may have to such charges.

(2) The parties agree that the defendant will be sentenced to a term of imprisonment of 18 months, followed by a three year term of supervised release. The parties intend this stipulation to be binding under Fed. R. Crim. P. 11(c)(1)(C). By using the word "binding," the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the Plea Agreement is null and void and the defendant will

be allowed the opportunity to withdraw his guilty plea. The parties will not be allowed to withdraw from the Plea Agreement for any other reason.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F.    Obstructs or attempts to obstruct justice, prior to sentencing;

G.    Has engaged in conduct prior to signing this Plea Agreement which
      reasonably could be viewed as obstruction or an attempt to obstruct
      justice, and has failed to fully disclose such conduct to the United States
      prior to signing this Plea Agreement;

H.    Fails to appear in court as required;

I.    After signing this Plea Agreement, engages in additional criminal conduct;
      or

J.    Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any

of the reasons listed above, the United States opposes a recommendation that he receive a

reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the

offense level if it finds that he has not accepted responsibility.

8.  Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every

stage of the proceeding and, if necessary, one will be appointed to represent him.  The defendant

also understands that he has the right:

A.    To plead not guilty or to maintain that plea if it has already been made;

B.    To be tried by a jury and, at that trial, to the assistance of counsel;

C.    To confront and cross-examine witnesses;

D.    Not to be compelled to provide testimony that may incriminate him; and

E.    To compulsory process for the attendance of witnesses to testify in his
      defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the

foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. <u>Acknowledgment of Guilt; Voluntariness of Plea.</u>

The defendant understands and acknowledges that he:

A.   Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B.   Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;

C.   Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.   Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.   Is completely satisfied with the representation and advice received from his undersigned attorney.

10. <u>Scope of Agreement.</u>

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached

without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. <u>Collateral Consequences</u>.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

12. <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment in this case.  The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13. <u>Waivers</u>.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal.  By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1.    His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2.    The sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel in

the negotiation of this Plea Agreement or at the sentencing hearing.

B.  Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By entering

into this Plea Agreement, the defendant knowingly and voluntarily waives his right to

collaterally challenge:

1.  His guilty plea, except as provided below, and any other aspect of his
    conviction, including, but not limited to, adverse rulings on pretrial
    suppression motion(s) or any other adverse disposition of pretrial motions
    or issues; and

2.  The sentence imposed by the Court if it falls within, or lower than, the
    guideline range as determined by the Court, or if it is imposed pursuant to
    a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a

collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on

the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or

the sentencing hearing.  The defendant's waiver of his right to collateral review also does not

operate to waive a collateral challenge based on new legal principles enunciated in Supreme

Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive

effect.

C.  Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government to pursue an appeal that is authorized by law.

14. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JOHN P. KACAVAS
United States Attorney

Date: 12/11/14

-12-

By: _____

Nick Abramson
Assistant U.S. Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
Nick.abramson@usdoj.gov

The defendant, Johnathon Irish, certifies that he has read this 13-page Plea Agreement and that he fully understands and accepts its terms.

Date: 11 December 2014

_____
Johnathon Irish, Defendant

I have read and explained this 13-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 12/11/14

_____
Lawrence A. Vogelman, Esquire
Attorney for Johnathon Irish