UNITED STATES OF AMERICA

U.S. DISTRICT COURT                                                                          CONCORD N.H.

UNITED STATES OF AMERICA

V

JOHNATHON IRISH

13-CR-00142-PB-1

*2015 APR 24 PM 2: 25  U.S. DISTRICT COURT DISTRICT OF N.H. FILED*

## MOTION TO REQUEST ALL RECORDED TELEPHONE RECORDS OF MR. IRISH DURING HIS INCARCERATION

Now comes Johnathon Irish Pro Se, with a **MOTION TO REQUEST ALL RECORDED TELEPHONE RECORDS OF MR. IRISH DURING HIS INCARCERATION** and says that:

1. Mr. Irish was originally charged with Five counts of Indictment, Count One, Aiding and Abetting the Making of a Material False Statement in Connection to Acquisition of a Firearm, Counts Two and Three, Making a Material False Statement To a Federal Agent, Count Four, Engaging In The Business Of Dealing Firearms Without a Federal Firearms License, and Count Five, Being a Prohibited Person In Possession Of Firearms For Being a Habitual Marijuana User. Counts Three, Four and Five were dismissed by the United States Attorney's Office in October of 2014, and when Mr. Irish was scheduled for Trial on 11 December 2014, on that morning he instead signed a plea agreement pleading to Counts One And Two with a sentence of 18 Months and Three Years of Supervised Release. Mr. Irish was subsequently sentenced to 18 months on 19 February 2015 and was released on time served the following day, 20 February 2015 on Three Years of Supervised release.

2. Mr. Irish is in the process of investigating and drafting his 2255 claim/appeal, and in order to do so properly and adequately Mr. Irish requires copies of ALL recorded telephone calls made by himself, from the following facilities of incarceration in which Mr. Irish was held whereas those telephone calls will be vital to Mr. Irish's 2255 appeal.

3. Strafford County Department of Corrections Dover New Hampshire, Essex County Department of Corrections Middleton Massachusetts.

4. Mr. Irish needs to request this of the Court do to the fact that The Government and Attorney Vogelman failed to provide them in discovery, even after this Court so ordered the Government to provide Mr. Irish with FULL discovery, and these telephone calls being part of discovery The Government AND Attorney Vogelman failed to comply.  The government provided Mr. Irish with telephone calls from Rockingham County Department of Corrections in Brentwood New Hampshire, however Mr. Irish was only there for about three months, specifically from 1 November, 2013 through 14 February, 2014 and on 14 February, 2014 was transferred to Strafford County Department of Corrections in Dover New Hampshire, and on 7 July, 2014 was transferred to Essex County Department of Corrections in Middleton Massachusetts until 14 November 2014 when Mr. Irish was transferred back to Strafford County Department of Corrections where he remained until his release on 20 February, 2015.

5. Do to Mr. Irish's indigent status, the fact that he is currently being supported by his wife Stephanie whom is on State Assistance while Mr. Irish awaits his disability payments to be reinstated, as well as the fact that this court found Mr. Irish to be indigent and subsequently appointed counsel do to Mr. Irish's indigent financial status, Mr. Irish requests that this court also wave any and ALL fees that may be involved and or associated with Mr. Irish obtaining the above mentioned telephone calls.

6. In the interest of Justice, Mr. Irish respectfully requests that:

   1) This court provide him with ALL telephone calls in which Mr. Irish made from the above mentioned facilities, those again being Strafford County Department of Corrections in Dover New Hampshire and Essex County Department of Corrections in Middleton Massachusetts, and that this court wave any and ALL fees that may be involved and or associated with Mr. Irish obtaining those telephone calls. OR;

   2) That this Court schedule a hearing in this matter in a timely manner as to preserve the time frame of Mr. Irish's appeal, whereas Mr. Irish must still review all of these transcripts and draft them into his appeal.

Respectfully Submitted,

Johnathon S. Irish

Pro-Se                                                                 24 April, 2015

Date: 24 April, 2015

_____
Signature

## MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

- ☐ I have attached a supporting memorandum of law to this motion.

- ☒ I have NOT attached a memorandum of law because none is required (explain your reasoning below). Do not know memorandum

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

- ☐ All parties have assented/agreed to this motion.

- ☒ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

- ☐ I have NOT attempted to obtain concurrence/agreement because it is not required.

## CERTIFICATE OF SERVICE

I hereby certify that this motion was served on the following persons on the date and in the manner specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es): Nick Abramson U.S.A. office 53 Pleasant St. Concord N.H. 03301

Person(s) served by hand:

Date of Service: 24 April, 2015

_____
Signature

Johnathon S. Irish
Name

311 Lyndeboro Rd.
Address New Boston N.H. 03070
(603) 487-1139
Phone
Johnathon.Irish1776@gmail.com
Email