UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 1:13-cr-00142-PB |
| v. ) | |
| ) | |
| JOHNATHON IRISH ) | |
| _____ ) | |

### UNITED STATES' RESPONSE TO MR. IRISH'S MOTION TO COMPEL THE RELEASE OF PROPERTY

On April 24, 2015, Johnathon Irish filed a motion to compel the Government to relinquish certain personal property seized during the criminal investigation.[1] As Mr. Irish acknowledged in his motion, the Government has made efforts to arrange the return of most of his personal property. However, Mr. Irish also seeks the release of some additional items, including:

(1) A "Sig Sauer 5.56 caliber Sig 526 AR-15 type rifle bearing serial number 53E001626" (hereafter "Item 1");

(2) A "Sig Sauer .45 caliber C3 1911 type pistol bearing serial number GS34120, belonging to Mr. Irish" (hereafter "Item 2");

(3) A "Sig Sauer .40 caliber 226 pistol bearing serial number UU610922" (hereafter "Item 3"); and

(4) Various ammunition for these firearms (hereafter "Item 4"), the specifications of which Mr. Irish does not identify.

---

[1] Mr. Irish attempted to contact the Government to obtain assent, but counsel for the Government was on annual leave.

1

Mr. Irish was originally charged in a five-count indictment. Three of those counts were subsequently dismissed without prejudice, including engaging in the business of dealing in firearms without a federal firearms license; possessing firearms and ammunition as a regular user of the controlled substance marijuana; and lying to a federal law enforcement agent (Counts Three, Four, and Five). Mr. Irish pled guilty to the two remaining counts of aiding and abetting the making of a false statement in connection with the acquisition of a firearm, and lying to a federal law enforcement agent (Counts One and Two). Pursuant to the terms of Mr. Irish's plea agreement, the Government has agreed to refrain from filing any charges stemming from the conduct underlying Counts Three, Four, and Five of the original indictment, *unless* the defendant engages in additional criminal conduct during the period of his supervised release. Thus, should Mr. Irish engage in additional criminal conduct during the period of his supervised release, or alternatively, succeed in his appeal (which, according to Mr. Irish, is forthcoming), these charges could be resurrected.

Several of the items sought by Mr. Irish have potential evidentiary value with respect to either the dismissed charges or the counts of conviction. To wit, there is evidence that Mr. Irish may have purchased Item 1 (the Sig Sauer AR-15 with serial number 53E001626) with proceeds from his sale of a custom-built AR rifle to an undercover federal law enforcement agent, which could be pertinent to a charge of manufacturing and/or dealing firearms without a federal firearms license; there is evidence that Item 2 (the Sig Sauer .45 caliber 1911 pistol bearing serial number GS34120) was one of the weapons about which Mr. Irish made a material false statement to a federal law enforcement agent, to which he pled guilty; and Item 4 (ammunition) may be material to establishing that Mr. Irish possessed firearms and/or ammunition as a regular user of marijuana. Accordingly, and in light of Mr. Irish's apparent intent to appeal his

conviction, the Government objects in part to Mr. Irish's motion, and seeks authorization from the Court to maintain those evidentiary items (Items 1, 2, and 4) in its possession for at least the pendency of Mr. Irish's § 2255 petition. As to Item 3 (the Sig Sauer .40 caliber 226 pistol bearing serial number UU610922), the Government agrees that this property should be released, and that the only remaining issue is the appropriate individual to whom that property should be relinquished.

The Government has indicated to Mr. Irish its willingness to transfer any returned firearms to an agreed-upon federally licensed firearms dealer, who would sell the firearm(s) and provide the proceeds to Mr. and Mrs. Irish. Mr. Irish has rejected that proposal. Instead, he has identified several individuals to whom he wants any firearm(s) returned – a list which includes his friend, Anthony Costello; his mother, Nancy Haskell; and his adoptive grandfather, Roscoe Whitney. The Government objects to Mr. Costello as a third-party transferee for two reasons: first, during Mr. Irish's criminal case, Mr. Costello agreed to act (and did act) as a conduit for messages from Mr. Irish to his wife – despite a no-contact order – which were intended to dissuade her from cooperating with the Government; and second, Mr. Costello admittedly suffers from P.T.S.D. as a result of his term of military service. He is not a suitable transferee for any of the firearms belonging to Mr. or Mrs. Irish.

The Government also objects to Nancy Haskell as a third-party transferee given the likelihood that such a transfer would result in the defendant's direct access to those firearms. There is evidence in this case – specifically, statements made to a federal law enforcement agent by Mr. Irish's wife – that Ms. Haskell was supportive of Mr. Irish's illicit use of marijuana, and that she often enabled his illegal drug use by providing him with money to buy marijuana. Given the track record of facilitating Mr. Irish's criminal activity, she would clearly not be an

appropriate transferee for these firearms.  To the Government's knowledge, however, Roscoe Whitney appears to be an appropriate custodian for the firearm(s), and the Government would agree to provide any returned firearms to Mr. Whitney on the condition that the firearm(s) not be subsequently transferred by Mr. Whitney directly or indirectly to the defendant, Mrs. Irish, Anthony Costello, or Nancy Haskell.

In sum, while Mr. Irish and his wife retain rights with respect to some of their property, the Government also has a duty to dispose of that property in a manner which avoids any undue risk to the public, or unnecessarily enhances Mr. Irish's risk to recidivate by enabling his re-possession of any firearms.  The Government also has a substantial interest in maintaining property which, as described above, may constitute evidence of Mr. Irish's criminal conduct, in the event he succeeds on appeal and the Government chooses to re-charge the case.

For those reasons, and given the evidentiary value of Items 1, 2, and 4, the Government objects to Mr. Irish's motion in part, and requests that the Court:

(1) Deny Mr. Irish's motion to compel production of Item 1, Item 2, and Item 4 for at least the pendency of his appeal; and

(2) Grant Mr. Irish's motion to compel production of Item 3 to Roscoe Whitney, on the condition that the firearm not be subsequently transferred by Mr. Whitney directly or indirectly to the defendant, Mrs. Irish[2], Anthony Costello, or Nancy Haskell.

Respectfully submitted,

DONALD FEITH
Acting United States Attorney

By:   /s/ Nick Abramson
Nick Abramson
Assistant United States Attorney
MA Bar No. 672267
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
Date: May 4, 2015                Nick.Abramson@usdoj.gov

---

[2] It should be noted that, while Mrs. Irish is not currently a prohibited person, she presently resides with Mr. Irish in New Hampshire.  Accordingly, her possession of a firearm at their shared residence would almost certainly violate Mr. Irish's conditions of supervised release (and potentially subject him to further criminal charges).

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing was served on Johnathon Irish via E.C.F. and U.S. Mail (to address 311 Lyndeboro Road, New Boston, New Hampshire 03070).

                                         <u>/s/ Nick Abramson</u>
                                         Nick Abramson
                                         Assistant United States Attorney