**UNITED STATES OF AMERICA**

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

**U.S. DISTRICT COURT**

2015 MAY -7  A 11: 43  **CONCORD N.H.**

**UNITED STATES OF AMERICA**

**V**

**JOHNATHON IRISH**

**13-CR-00142-PB-1**

## DEFENDANTS RESPONSE TO GOVERNMENTS OBJECTION TO DEFENDANTS MOTION TO COMPEL THE GOVERNMENT TO RELEASE PROPERTY

Now comes Johnathon Irish, Pro Se with a **MOTION TO COMPEL THE GOVERNMENT TO RELEASE PROPERTY** and says that:

1.  The Defendant objects to the Governments request of this Court granting them authority to retain possession of the Defendants firearms as evidence for the reasons as expressed below.

2.  As the Government clearly stated Counts 3 (Making a Material False Statement To a Federal Agent), 4 (Engaging In The Business Of Dealing Firearms Without a Federal Firearms License) and 5 (Being a Prohibited Person In Possession Of Firearms For Being a Habitual Marijuana User) of the indictment were dismissed without prejudice, however these charges were dismissed PRIOR to any plea agreement being discussed and were NOT dismissed as part of negotiation of the plea agreement.  Furthermore the Sig Sauer 516 AR-15 type rifle bearing serial number 53E001626 belonging to Mr. Irish was NOT listed as evidence at any point and neither was the ammunition, body armor OR tactical equipment.

3. Counts 3, 4 and 5 were dismissed without merits being specifically discussed, however it is well known by this court that there were issues of entrapment pertaining to count 3, and it may please the court to know that count 4 had issues due to the confidential human source Milton Abrams, the defendants former employer having lied to the federal agent pertaining to the defendant not speaking to him regarding the legality of his actions pertaining to his firearms activities when in fact the defendant DID in fact speak to the confidential human source on this matter which is supported by evidence whereas Count 4 was meritless and was not able to be charged.  And finally that count 5 there was insufficient evidence to support the claims of Mr. Irish being a user of Marijuana as well as inconsistent witness testimony to Count 5, this is supported by the findings of the Federal Probation Officer Judy Gauvin when Officer Gauvin did the Pre-Sentence Investigation and report.  While the defendant understands that the Government dismissed counts 3, 4 and 5 without prejudice, it would not benefit the Government to attempt to bring these charges back to charge Mr. Irish and they are fully aware of this which is most likely why they dismissed them in the first place.

4. The Government requests that this court grant them the authority to retain Mr. Irish's firearms pending the outcome of Mr. Irish's 2255 appeal as potential evidence in the dismissed charges (Counts 3, 4 and 5) and partially/possibly in connection to Count 2 (Making a Material False Statement To a Federal Agent) which is one charge in which Mr. Irish plead to. Mr. Irish objects to this request and asks that the Court deny the Governments request for such authority to retain Mr. Irish's firearms as

possible evidence in charges that they may or may not attempt to resurrect, and so order that ALL of Mr. and Mrs. Irish's firearms, ammunition, body armor and tactical equipment be returned to one of Mr. and Mrs. Irish's friends or family members as so mentioned, either Mr. Costello, Mrs. Haskell or Mr. Whitney.

5. The Government also admits that they had given Mr. and Mrs. Irish the offer and ability to sell there firearms thought a Federally Licensed Firearms Dealer (FFL). The Government clearly has no real interest in retaining the firearms for any other intention other than to create undue and unneeded stress and aggravation upon Mr. and Mrs. Irish and his family and friends. Had Mr. Irish sold the firearms through a Federally Licensed Firearms Dealer as the Government had offered and urged and attempted to force and had Mr. Irish done so BEFORE he chose to inform them of his intent to file 2255 appeal in the matter the Government would not have been able to re obtain the firearms as evidence should Mr. Irish prevail on his 2255 appeal and they chose to re charge Mr. Irish OR if Mr. Irish were to violate his terms of supervised release and the Government so chose to resurrect the Counts 3, 4 and 5 being the dismissed charges. This is nothing short of a tactic to attempt to antagonize the Defendant by the Government and create undue unnecessary argument while utilizing the court as a tool to do so in there continued harassment and abuse or Mr. and Mrs. Irish and misusing and abusing this Court and the Judicial System once again doing so.

6. The Government makes claims that Mr. Costello was denied the right and ability to take possession of Mr. Irish's firearms do to his Post Traumatic Stress Disorder from

his service with the United States Army as an Honorably Discharged Veteran this in and about itself is an issue, whereas Post Traumatic Stress Disorder is NOT a prohibiting factor of one's ability to legally obtain and possess firearms UNLESS that individual has had DOCUMENTED outburst and displays of dangerous tendencies of which Mr. Costello has NOT, as well as claims that Mr. Costello allegedly acted as a conduit to pass a message from Mr. Irish to his wife Mrs. Irish while under a no contact order to sway her testimony and cooperation with the Government (Mr. Costello to date was NEVER charged with this).  Mr. Costello AND Mrs. Irish have consistently made claims and statements that there was NO message passed from Mr. Irish to his wife Mrs. Irish through Mr. Costello pertaining to Mrs. Irish's testimony or alleged cooperation with the Government that in fact the ONLY message that in fact was passed was Mr. Irish's love and concern for Mrs. Irish and there minor Daughter and that Mr. Irish missed and loved them both, which any good and caring Father and Husband would do, Mr. Costello AND Mrs. Irish are willing to testify under oath to this as well as to enlighten the Court that in fact Agent Christiana of the F.B.I. was the one whom actually made the statements to Mrs. Irish which were alleged to have been passed though Mr. Costello from her husband Mr. Irish, as well as the fact that when Mr. Costello is alleged to have passed these messages to Mrs. Irish that in fact Agent Christiana on several occasions asked Mr. Costello to "please contact Stephanie and find out where she is located" for him (Agent Christiana) and Mr. Costello in fact told Agent Christiana that NO he would NOT do that for him, and told Agent Christiana that he already KNEW Where

Stephanie was so why did he (Agent Christiana) need him (Mr. Costello) to ask her that he (Agent Christiana) should contact her himself.  The Government also makes claim that Mr. Irish's Mother Nancy Haskell is not a suitable person either do to the allegation that Mrs. Irish was supportive of Mr. Irish's alleged Marijuana us as well as the fear that Mrs. Haskell would relinquish the firearms back to Mr. Irish.  Again, this is in reference to count 5 which was dismissed by the Government months prior to any discussion of plea agreement, there is no evidence supporting the Governments claims of Mrs. Haskell supporting any alleged drug use of or by Mr. Irish as well as the fact that again, Officer Gauvin of the Federal Probation Office found that there had been insufficient evidence to support the claims of Mr. Irish being a prohibited person in possession of firearms and or ammunition as a user of Marijuana as well as conflicting witness testimony to support the claims of Count 5.  As for the Governments claims of Mrs. Haskell relinquishing the firearms to Mr. Irish while Mr. Irish is a prohibited person, this is absurd in the fact that Mrs. Haskell herself is a legal firearm owner and a current Concealed Carry License holder, and that Mrs. Haskell does NOT want to see her son go back into jail and would never put him into that position nor would she be part of any possibility of such, as well as the fact that neither does or would Mr. Irish risk that guaranteed charge and conviction that would also put his mother in jeopardy of criminal charges for providing him with the firearm(s), again these are simply absurd and outrageous claims by the Government to create undue and unneeded aggravation for Mr. Irish and his family.

7. The Government stated that they did NOT object to Mr. Roscoe Whitney, Mr. Irish's adoptive Grandfather taking possession of Mr. and Mrs. Irish's firearm(s), therefore whereas the Government was willing to allow Mr. and Mrs. Irish to sell their firearms through a Federal Firearms Dealer without concern or issue of the dismissed charges that may or may not be resurrected, OR the charges in which Mr. Irish signed a plea agreement regarding, Mr. and Mrs. Irish request that this court so order and compel that the Government relinquish ALL of the firearms, ammunition, body armor and tactical equipment belonging to Mr. and Mrs. Irish to Mr. Roscoe Whitney WITHOUT stipulation of any sort other than that Mr. Whitney NOT transfer, or otherwise dispose of the firearms and ammunition to Mr. or Mrs. Irish unless Mr. Irish prevails on his appeal and his Second Amendment Rights are reinstated.

8. As the Government pointed out, Mr. Irish when listing the items to return in his initial motion to compel did not specify what ammunition and how much the Government was in possession of and Mr. Irish would like to take a moment now to do so.  72 rounds of Winchester Ranger-T Series (Talon) .45 ACP 230 Grain Jacketed Hollow Point ammunition that was removed out of 9 different 8 round Sig Sauer 1911 pistol magazines,  600 rounds of Winchester .45 ACP 230 Grain Full Metal Jacket ammunition in a green metal .50 caliber (fat fifty) military ammunition box, TWO green metal 5.56 military ammunition boxes each with 500 rounds of Federal Lake City 5.56 62 Grain M855 Green Tip Steel Core Full Metal Jacket ammunition, 480 rounds of Federal Lake City 5.56 62 Grain M855 Green Tip Steel Core Full Metal Jacket ammunition which was removed from 16 different 30 round rifle magazines,

24 rounds of Federal HydroShock .40 S&W 155 Grain Jacketed Hollow Point ammunition that were removed from two-twelve round Sig Sauer 226 magazines for the Sig Sauer 226 pistol belonging to Mrs. Irish, and lastly 200 rounds of Winchester Full Metal Jacket 165 Grain ammunition in the same green .50 (fat fifty) military ammunition box as the 600 rounds of Winchester .45 ACP 230 Grain Full Metal Jacket ammunition.

9. However where as it is very apparent that the Government has issues with Mr. and Mrs. Irish's request, there obviously needs to be a hearing held in this matter to litigate the issues at hand in front of this Court and so that the court may hear brief witness testimony on the matters in which the Government is convoluting and blatantly lying about.

10. In the interest of Justice, Mr. Irish respectfully requests that:

1) That this Court schedule a hearing in this matter in a timely manner as to give ALL parties involved the ability to make arrangements to attend.

Respectfully Submitted,

Johnathon S. Irish

Pro-Se

7 May, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Nick Abramson of the

United States Attorney's Office District Of New Hampshire in hand (at address 53

Pleasant St. Concord, New Hampshire, 03301) on this date of 7 May, 2015.

Johnathon S. Irish

Pro-Se