```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * *
                                 *
UNITED STATES OF AMERICA         *
                                 *   13-CR-142-01-PB
             v.                  *   April 16, 2014
                                 *   11:40 a.m.
     JOHNATHON IRISH             *
                                 *
* * * * * * * * * * * * * * * * *


            TRANSCRIPT OF STATUS OF COUNSEL HEARING
            BEFORE THE HONORABLE PAUL J. BARBADORO
```

APPEARANCES:

For the Government:      John Paul Kacavas
                         United States Attorney
                         U.S. Attorney's Office




For the Defendant:       Jonathan R. Saxe, Esq.
                         Federal Defender's Office




Court Reporter:          Susan M. Bateman, LCR, RPR, CRR
                         Official Court Reporter
                         United States District Court
                         55 Pleasant Street
                         Concord, NH 03301
                         (603) 225-1453

```
 1                    P R O C E E D I N G S
 2              THE CLERK:  Court is in session and has for
 3   consideration a motion hearing in United States of America
 4   versus Johnathon Irish, criminal case number 13-CR-142-01-PB.
 5              THE COURT:  All right.  Mr. Saxe, you filed the
 6   motion on behalf of your client.  What do you want to do?
 7              MR. SAXE:  Well, your Honor, my client -- what I
 8   have to offer is exactly what's in the motion.  That's
 9   really -- I don't have anything to add to that.
10              He has indicated that he wanted a new lawyer to Mr.
11   Lange, and to myself, and he won't talk to me.  And he called
12   up the office several times after that conversation to speak
13   to Mr. Lange and tell him that he didn't consider me to be
14   his lawyer anymore and he wanted a new lawyer.
15              THE COURT:  Well, he doesn't get to determine who
16   his lawyer is unless he can pay for it.  I determine whether
17   he's going to have you as a lawyer.  Not him.
18              Do you want me to excuse the government and seal
19   the courtroom and find out from the defendant why he thinks
20   he needs a new lawyer?
21              MR. SAXE:  I think that would be appropriate, your
22   Honor, yes.
23              THE COURT:  If you could step outside for a minute,
24   Mr. Kacavas.
25              MR. KACAVAS:  Sure.
```

1         THE COURT:  Please don't leave, because I'll
2  probably bring you back in at some point.
3         (Attorney Kacavas leaves the courtroom)
4         (THIS PORTION OF THE RECORD IS SEALED)
5         (CONCLUSION OF SEALED PORTION)
6         (Attorney Kacavas returns to the courtroom)
7         THE COURT:  All right.  Mr. Kacavas, I just wanted
8  to notify you that I have determined that there has been a
9  irreconcilable breakdown in the relationship between Mr. Saxe
10 and his client, and I am going to grant the defendant's
11 request that he be given a new lawyer.  So that's going to
12 involve Mr. Saxe being excused.
13        Of course, Mr. Saxe, you'll cooperate with
14 successor counsel in trying to bring them up to speed and
15 giving them access to any records that have been in the file
16 to minimize any delays or inefficiency.
17        New counsel will have to be appointed.  The case is
18 set for trial in July.  Apparently there's some significant
19 volume of discovery that has been produced here.
20        It may be necessary for new counsel to have a
21 continuance.  I won't make any decision about that at this
22 time, but I think the defendant understands that that might
23 be a request that he's going to have to make.  And if he
24 makes that request, and new counsel endorses it, I would be
25 inclined to grant some kind of relatively brief 60-day

```
 1   continuance, something along those lines.
 2              So I just wanted you to be aware of that.  New
 3   counsel will be appointed.
 4              MR. KACAVAS:  Thank you, your Honor.
 5              THE COURT:  Is there anything else either one of
 6   you wants to --
 7              MR. SAXE:  With regard to the continuance, I'm not
 8   in the case anymore, but we spent 250 hours so far on this
 9   case between the investigators and myself.  If they can get
10   ready by July 8th, they're a better man than I am.
11              THE COURT:  Yeah. Okay.  Well, that's probably
12   good to know.
13              Now, I think what we need to do is ensure that your
14   investigative resources are made fully available to whoever
15   successor counsel is.  So you've got an investigator.  You
16   ought to have him come to a meeting and bring any reports
17   he's done for you, anything like that.
18              You ought to spend a significant amount of time
19   with new counsel going through and telling them what you've
20   done, what avenues you pursued, what have turned out to be
21   dead-ends, what specific tapes are the ones that you think
22   are the most worth looking at, all of those kinds of things,
23   to try to minimize inefficiency.  Okay?
24              MR. SAXE:  We also have a lot of research, and I'll
25   be happy to do that.  There's no way I would not be able to
```

1  do that.  I would have to do that or it would be unbelievably
2  unfair to the new lawyer.
3              THE COURT:  Right.  I don't -- I mean why -- can I
4  just ask?  It sounds like a sort of simple gun case on the
5  face of it.  Why is this so difficult?
6              MR. KACAVAS:  You identified it.  It does.  It
7  does.
8              The five charges are relatively simple on their
9  face, but the evidentiary basis for those charges is very
10 complex.  There's a lot of evidence.  There are a lot of
11 players and a lot of moving parts in this.
12             I thought that Mr. Saxe had a wonderful grasp on
13 it.  I really did.  It's really unfortunate.
14             THE DEFENDANT:  I apologize to interrupt, your
15 Honor.  I wanted to make one more statement.
16             I was hoping to do this before the government came
17 in to inform you, but I might as well inform you now.
18             MR. KACAVAS:  I would be happy to leave, your
19 Honor.
20             THE COURT:  Wait.  Do you want it to be without the
21 government here?
22             THE DEFENDANT:  It really doesn't matter, your
23 Honor, because it involves the government.
24             I wanted to inform you that I was -- they were
25 attempting to coerce me and threaten me into a plea.  By

1  doing so, by threatening my wife and threatening to place my
2  daughter in foster care, even though there is current court
3  documentation signed stating should something happen to my
4  wife, especially of this magnitude, that there are persons
5  who would take custody of our daughter.
6           When I informed Attorney Saxe of this, he said that
7  it doesn't matter, that they would place her in foster care
8  and that they would then decide where she went after she was
9  placed in foster care, attempting to get me to take a plea in
10 that manner.  Just so you're aware of it, your Honor.
11          THE COURT:  You're not asking me to do anything
12 today?
13          THE DEFENDANT:  No, no, your Honor.  I just wanted
14 to inform you.
15          THE COURT:  All right.  To the extent you think
16 something should happen as a result of what you say has
17 occurred, you should raise it with your new lawyer and that
18 lawyer can figure out what, if anything, should happen.
19          Did you want to say anything in response to what he
20 said?  You don't have to say anything.  But is there anything
21 you want to say in response?
22          MR. KACAVAS:  I have nothing to say.
23          THE DEFENDANT:  I just wanted to inform the Court
24 just in case it happens ahead of time so that nobody can say
25 that --

1       THE COURT: Again, you need to understand the role
2   of the parties here.
3       I'm not an investigator. I don't have an army of
4   people to go out and do things. I basically respond to what
5   people say to me in court and ask me to do.
6       THE DEFENDANT: Yes, your Honor.
7       THE COURT: So right now you're not asking me to do
8   anything. You're going to get a new lawyer appointed.
9       I don't have any means to go out and try to
10  determine what happened, what the status of your wife is,
11  what the children are, whether anything was done wrong.
12  People need to present me with a request if they want me to
13  do something. Right now just telling me that doesn't put me
14  in a position that I can do anything one way or the other
15  about it. So I will simply stand and wait.
16      And if your lawyer thinks something should be done,
17  then he or she will act accordingly.
18      All right. Thank you.
19      THE DEFENDANT: Thank you.
20      MR. SAXE: Thank you.
21      MR. KACAVAS: Thank you, your Honor.
22      (Conclusion of hearing at 12:10 p.m.)
23
24
25

C E R T I F I C A T E

    I, Susan M. Bateman, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings, to the best of my knowledge, skill, ability and belief.

Submitted: 5-13-15    *Susan M. Bateman*
**SUSAN M. BATEMAN, LCR, RPR, CRR**
LICENSED COURT REPORTER, NO. 34
STATE OF NEW HAMPSHIRE