**\*\*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO 8-11-2015**

```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * *
                                *
UNITED STATES OF AMERICA        *
                                *  13-CR-142-01-PB
           v.                   *  February 19, 2015
                                *  3:15 p.m.
      JOHNATHON IRISH           *
                                *
* * * * * * * * * * * * * * * * *


              TRANSCRIPT OF SENTENCING HEARING
          BEFORE THE HONORABLE PAUL J. BARBADORO
```

APPEARANCES:


For the Government:      Nick Abramson, AUSA
                         U.S. Attorney's Office



For the Defendant:       Kirk C. Simoneau, Esq.
                         Nixon, Vogelman, Barry,
                         Slawsky & Simoneau, P.A.




Probation:               Jodi Gauvin



Court Reporter:          Susan M. Bateman, LCR, RPR, CRR
                         Official Court Reporter
                         United States District Court
                         55 Pleasant Street
                         Concord, NH 03301
                         (603) 225-1453

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  Court has before it for consideration
 3   today sentencing in criminal case 13-CR-142-01-PB, United
 4   States of America versus Johnathon Irish.
 5            THE COURT:  I apologize for the delay.  My last
 6   hearing ran over, and I like to reread the file before I come
 7   down.
 8            Mr. Irish, the presentence report I have for you is
 9   dated January 13th.  It was revised on February 9th.
10            Have you seen that report?
11            THE DEFENDANT:  Yes, your Honor.
12            THE COURT:  Have you read it and discussed it with
13   your lawyer?
14            THE DEFENDANT:  Yes, your Honor.
15            THE COURT:  Do you feel you understand it?
16            THE DEFENDANT:  Yes, your Honor.
17            THE COURT:  Does the government dispute any of the
18   facts or legal conclusions contained in the report?
19            MR. ABRAMSON:  No, your Honor.
20            THE COURT:  Are you pressing any objections on
21   behalf of your client?
22            MR. SIMONEAU:  No, your Honor.
23            THE COURT:  The findings of fact and conclusions of
24   law set forth in the report are undisputed.  I adopt them.
25   The report will made a part of the record under seal.
```

1               I determine that the defendant's total offense
2     level is 14, and his Criminal History Category is III.  The
3     guideline sentencing range is 21 to 27 months.
4               The parties have proposed a proposed binding
5     stipulated sentence of 18 months.
6               Mr. Irish, one of the things I want to be sure
7     you've reviewed is we have something called proposed
8     sentencing options and supervision conditions that describe
9     the supervised release conditions that the probation office
10    is proposing to apply in your case.
11              Have you had a chance to read those?
12              THE DEFENDANT:  Yes, your Honor, I have.
13              THE COURT:  And did you have a chance to talk to
14    your lawyer about them?
15              THE DEFENDANT:  Yes, your Honor.
16              THE COURT:  All right.  Good.  Thank you.  You can
17    be seated.
18              All right.  So the government's recommendation here
19    is a sentence of 18 months?
20              MR. ABRAMSON:  That's correct, your Honor.
21              THE COURT:  Did you want to say anything in
22    addition to what's already in the record?
23              MR. ABRAMSON:  I don't believe so, your Honor.
24              THE COURT:  All right.  Counsel, did you want to
25    say anything?

```
 1                MR. SIMONEAU:  I have nothing to add, your Honor.
 2                THE COURT:  Okay.
 3                Mr. Irish, I'm prepared to go along with the
 4     government's agreement with you and sentence you to 18
 5     months.
 6                Would that result in a time served?  Is he
 7     immediately eligible for release?
 8                MS. GAUVIN:  It will be approximately tomorrow,
 9     your Honor.
10                THE COURT:  Tomorrow.  So he's going to go back to
11     the jail for processing?
12                MS. GAUVIN:  And he will be released from Strafford
13     tomorrow.
14                THE COURT:  Okay.  And Mr. Irish understood that
15     coming in?
16                MR. SIMONEAU:  He certainly does, yes.
17                THE COURT:  Okay.  Good.  All right.  Thank you.
18                I'm prepared to go along with that recommendation,
19     but if you wanted to say anything, I'm happy to have you say
20     it.  You don't have to say anything.  I won't hold it against
21     you if you don't.  But if you want to say anything, I'll be
22     happy to hear it.  Did you want to say anything?
23                THE DEFENDANT:  Just as long as I can go home
24     tomorrow, your Honor.
25                THE COURT:  Okay.  Well, it looks like that's
```

```
 1   what's going to be happening, okay?
 2             THE DEFENDANT:  Thank you, your Honor.
 3             THE COURT:  That's good.
 4             I do have a couple of things I wanted to say to
 5   you, Mr. Irish, just because it's very important that we
 6   understand each other going forward.
 7             I believe I've treated you with respect and
 8   fairness throughout the times that we've been interacting
 9   with each other, and I want to continue with that kind of
10   relationship with you.
11             Supervised release is not freedom.  It's not I can
12   do what I could do as a free person.  It's basically in lieu
13   of additional imprisonment.  So your freedom is restricted.
14             And what I want for you is I want you to get
15   through that three-year period of supervised release and get
16   back out to your life as free as you can be, okay?
17             I don't want to see you fail in this process.  I
18   want to see you succeed.  But I need you to understand how
19   important it is to maintain a constructive working
20   relationship with your probation officers.  They need to be
21   involved in your life to a greater degree than you would
22   perhaps want it if you had a choice.
23             They're going to be at your house.  They're going
24   to be requiring things of you.  I need you to understand and
25   agree with me that you will treat them with respect and that
```

1  you will do what they require you to do, okay?
2             So if at any point you are concerned about what it
3  is that they're asking you to do, raise it with them, but do
4  what they say.  And if you have trouble with that, call your
5  attorney, and we can resolve those kinds of disputes if they
6  arise in court.
7             But what I can't have you doing is arguing with
8  them, resisting what they're telling you to do at the time.
9  We need to have that relationship as a good constructive
10 relationship because your liberty is at stake, and I need you
11 to understand that.
12            Can you just affirm for me that you agree and that
13 you'll work with me on that, because that's the -- right now
14 the most important thing for me is that you understand how
15 important it is that you work with my probation officers.
16            THE DEFENDANT:  Yes, your Honor.  I've already
17 spoken with Officer Brown, as well as Gildea, and Jodi as
18 well, and I've reviewed the stipulated agreements, your
19 Honor.  It's not going to be an issue.
20            THE COURT:  Okay.  Good.  I don't think that it
21 will be, and I don't want it to be.  But that's one thing you
22 need to know with me.  I can tolerate a lot of what happens
23 here in my courtroom.  But if my probation officers aren't
24 obeyed, if they aren't dealt with with respect, that becomes
25 a real problem for me really quickly, and that's something

```
 1    that could get you in a lot of trouble, which I don't want.
 2              I hope you know I want you to succeed.  I really
 3    do.  It's going to require some sacrifice to you.  There's
 4    going to be times when you're not happy with what you're
 5    being asked to do.  But if you can just suck it up and get
 6    through it, you know, when this three years is up you're back
 7    with no restrictions on you other than the last thing that I
 8    want to talk to you about, which is the firearms issue.
 9              You can be seated.  That's okay.
10              I'm sure you know this, it's one of the
11    consequences of the conviction, but you can't have anything
12    to do with firearms anymore.  And I know that that's been an
13    important part of your life, and I can imagine that that's a
14    significant sacrifice for you.  But I hope you understand
15    that if you were to become back engaged with firearm
16    possession, that's the kind of thing that immediately gets
17    you back in prison.
18              You've got your wife.  You're recently married.
19    I'm happy for you.  You want to maintain that relationship.
20    You want it to work out.  You've got to be there for that.
21    You know, you can't be bouncing back and forth to prison for
22    that to work.
23              So understand those things, you know, and
24    hopefully, as I say to everybody when they're done with me, I
25    hope you never see me again, because if you do there's some
```

1 kind of a problem.
2          I really want you to understand, though, abide by
3 the firearms restriction, work with our probation officers.
4 And if you have some kind of problem, don't argue with them,
5 just do what they say, and then if you think it's an improper
6 requirement, you can talk to your lawyer, and if necessary,
7 I'll get you back here in court and we'll hash that out.
8          But the most important thing is to have a good,
9 honest working relationship with them.  If you do, things
10 will work out great for you, okay?  And I think you can do
11 it, and I want you to succeed, but I wanted to really
12 emphasize that to you because they basically are speaking for
13 me when they're out in the field.  You have to do what they
14 say just like you have to do what I say when we're here in
15 court, okay?
16          All right.  And I do wish you luck and health and a
17 successful relationship, and I do hope that I don't see you
18 again because that would mean trouble for you.
19          THE DEFENDANT:  No offense, your Honor, but
20 likewise.
21          THE COURT:  I understand fully.  I understand
22 fully.
23          Okay.  Let me read the proposed sentence.
24          All right.  Pursuant to the Sentencing Reform Act
25 of 1984, it is the judgment of the Court that the defendant,

1  Johnathon Irish, is hereby committed to the custody of the
2  Bureau of Prisons to be imprisoned for a term of 18 months on
3  each of Counts 1 and 2.  Both such terms to be served
4  concurrently.
5           Upon release from imprisonment the defendant shall
6  be placed on supervised release for a term of three years on
7  each of Counts 1 and 2.  Both such terms to be served
8  concurrently.
9           Within 72 hours of release from the custody of the
10 Bureau of Prisons the defendant shall report in person to the
11 probation office in the district to which the defendant is
12 released.
13          While on supervised release the defendant shall not
14 commit another federal, state or local crime, shall comply
15 with the standard conditions that have been adopted by this
16 Court, and shall comply with the mandatory and proposed
17 special conditions attached to the presentence report.
18          It is ordered that the defendant shall pay to the
19 United States a special assessment of $200 which shall be due
20 in full immediately.
21          The Court finds that the defendant does not have
22 the ability to pay a fine.  The Court will waive the fine in
23 this case.
24          The defendant is remanded to the custody of the
25 United States Marshals.

1        My understanding is with credit for good time
2   served he will be eligible for release for tomorrow.  And we
3   do have in place some kind of release plan for him so that
4   somebody knows to go up and check with him and all of that?
5        MS. GAUVIN:  Yes, your Honor.  We are ready to
6   receive him.
7        THE COURT:  Okay.  Good.
8        Anything else that we need to deal with today?
9        MR. ABRAMSON:  No, your Honor.
10       MR. SIMONEAU:  No, your Honor.
11       THE COURT:  All right.
12       I'll impose the sentence as I've read it.  You may
13  have a limited right to appeal.  If you want to appeal,
14  consult with your attorney and direct him to file a Notice of
15  Appeal on your behalf, or if you prefer, you can ask the
16  Clerk's Office for help, but any Notice of Appeal does have
17  to be filed within fourteen days or you lose your right to
18  appeal.
19       Anything else?
20       MR. ABRAMSON:  No.
21       MR. SIMONEAU:  No.
22       THE COURT:  Okay.  Thank you.  Good luck.
23       (Conclusion of hearing at 3:30 p.m.)
24
25

```
 1                    C E R T I F I C A T E
 2
 3
 4        I, Susan M. Bateman, do hereby certify that the
 5   foregoing transcript is a true and accurate
 6   transcription of the within proceedings, to the best of
 7   my knowledge, skill, ability and belief.
 8
 9
10   Submitted: 5-13-15      [signature] Susan M. Bateman
                             SUSAN M. BATEMAN, LCR, RPR, CRR
11                           LICENSED COURT REPORTER, NO. 34
                             STATE OF NEW HAMPSHIRE
12
```