UNITED STATES OF AMERICA

U.S. DISTRICT COURT                                           CONCORD N.H.

UNITED STATES OF AMERICA

V

JOHNATHON IRISH

13-CR-00142-PB-1

**DEFENDANTS OBJECTION TO THE GOVERNMENTS REQUEST TO STAY HEARING SCHEDULED FOR TUESDAY 19 MAY, 2015**

Now comes Johnathon Irish, Pro Se, with a **MOTION IN OBJECTION TO THE GOVERNMENTS REQUEST TO STAY HEARING SCHEDULED FOR TUESDAY 19 MAY, 2015** and says that:

1. The Government requested this Court to stay the hearing scheduled Tuesday 19 May, 2015 pending the outcome and decision of a Supreme Court case, specifically cited *Henderson V. United States docket number 13-1487*, a case which was heard in Supreme Court in regards to return of firearms, more specifically return of firearms to a third party of the Defendants choosing and is currently awaiting Supreme Court decision in the matter.

2. The Government makes claim that *Henderson V. United States* is identical to Mr. Irish's case, when in fact yes there are some slight similarities in that Mr. Irish is requesting that the firearms owned by he and his wife Mrs. Irish be released to a family member or friend, however in the brief drafted by the Government in *Henderson V. United States* as

the responded to Mr. Henderson, they (The Government) not only clearly states that a reason in which Mr. Henderson should not be allowed his firearms relinquished to a third party, family or friend, be because he has "unclean hands" due to his arrest and subsequent conviction for his involvement in narcotics trafficking (While he was gainfully employed as a Federal Law Enforcement Officer), as well as that the Government, in their brief for Mr. Henderson's Supreme Court Case where he is requesting his firearms be relinquished to his wife of another third party of his choosing the Government cited *United States V. Howell* (another case of a convicted drug dealer who was denied his firearms be relinquished to a third party of his choosing do to his acts and "hands being unclean" due to his involvement in dealing drug and whereas his firearms were considered contraband because of such acts) as case law to reaffirm their objection as to why Mr. Henderson's firearms should not be returned to a third party of his choosing, because of his acts and "hands being unclean" due to Mr. Henderson's involvement in drug dealing and that because Mr. Henderson's firearms, just as in *Howell* were deemed contraband either because of their use while dealing drugs or that dealing drugs while being in possession of firearms is in and about itself a factor in making a person a prohibited person in which both parties were in unlawful possession of firearms at the time of their arrest under the 922 chapter.

3. Although Mr. Irish was convicted of felony crime(s) (of which this court has already been notified he is bringing back on 2255 appeal), he however was NOT convicted of narcotics trafficking or ANY drug related crime, in fact the one singular drug type crime, (Count 5 of allegedly being a prohibited person in possession of firearms for being a habitual

marijuana user) that Mr. Irish was alleged of was dismissed prior to any discussion of any possible plea agreement, therefore proving that the Government made false representation in their claim that the cases were "identical" in nature.

4. The Government, while already knowing of Mr. and Mrs. Irish's financial position as well as their minor daughter and the distance in which they live from the court, filed their request to stay the hearing for Tuesday 19 May, 2015 on Saturday 9 May, 2015 only 10 calendar, NOT business days from the above mentioned hearing set by this court, mailing it to Mr. Irish on that same day knowing that Mr. Irish would not receive their motion and be able to begin to draft a response until Tuesday 12 May, 2015 at the absolute earliest and that he would not be able to deliver said motion to this Court and the Government until a day or so before the hearing on Tuesday 19 May, 2015. Although yes Mr. Irish had knowledge of the Governments INTENT to file the a above mentioned motion, Mr. Irish did not however have the specific verbiage of said motion as to respond in a proper and ample or even acceptable time frame and in doing so the Government is even forcing this court to make an immediate decision on said motion and Mr. Irish's objection without any time for consideration.

5. Mr. and Mrs. Irish due to their distance from the court, as well as their situation of their minor child cannot change plans on such short notice (especially seeing that Mrs. Haskell is Mr. and Mrs. Irish's only baby sitter and that they had to find another and make those arrangements), as well have Mr. Whitey and Mrs. Haskell (Mrs. Haskell

whom is a business owner and had to make arrangements for someone suitable to run her business in her absence).

6. After careful review of the Governments proposed exhibits list for the prior trial NIETHER Mr. Irish's Sig Sauer 5.56 caliber Sig 516 AR-15 type rifle bearing serial number 53E001626 NOR Mr. Irish's Sig Sauer .45 caliber C3 1911 type pistol bearing serial number GS34120 NOR ANY of the ammunition were included as proposed evidence what so ever, therefore they have NO need to so much as request authority to be allowed to hold these firearms or ammunition for any need or reason what so ever ESPECCIALLY as potential evidence pending Mr. Irish's 2255 appeal when these items were NEVER listed on their evidence exhibit list for the prior trial.

7. After careful review of the chain of custody paperwork for the property belonging to Mr. Irish that Agent Christiana took from the Brentwood Police Department in December of 2013, while Agent Christiana signed the chain of custody form to take possession of the Sig Sauer 5.56 caliber Sig 516 AR-15 type rifle bearing serial number 53E001626 belonging to Mr. Irish, Agent Christiana did NOT sign for Mr. Irish's Sig Sauer .45 caliber C3 1911 type pistol bearing serial number GS34120 therefore violating the chain of custody and making that specific firearm ineligible to be used as ANY form of evidence by the Government and quite possible putting the Government in a very questionable legal position.

8. Finally, the return of Mr. and Mrs. firearms is a situation that has been occurring over the past few months, and that Mr. Irish's former counsel Attorney Vogelman had allegedly discussed with the Government and that this was not supposed to be an issue in which Mr. Irish is in possession of letters to this effect of from Attorney Vogelman, and that there is no need other than a stall tactic by the Government to attempt to hold Mr. Irish's firearms for undue purpose. This is a situation in the here and now that needs to be addressed in the here and now for many reasons and not in an unknown period of time, sometime in the future as the Government is requesting of this court, especially with the reasons addressed in the above paragraphs therefore Mr. Irish respectfully requests that this court deny the Governments request to stay the hearing of Tuesday 19 May, 2015, and that this Court maintain the hearing scheduled Tuesday 19 May, 2015 to address this matter.

9. In the interest of Justice, Mr. Irish respectfully requests that:

1) This court deny the Governments request to stay the hearing scheduled for Tuesday 19 May, 2015 and continue on as scheduled with this hearing on this matter.


Respectfully Submitted,

Johnathon S. Irish
Pro-Se

18 May, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on Nick Abramson of the United States Attorney's Office District Of New Hampshire in hand (at address 53 Pleasant St. Concord, New Hampshire, 03301) on this date of 18 May, 2015.

Johnathon S. Irish

Pro-Se