UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal Case No. 1:13-cr-00142-PB** |
| v. ) | |
| ) | |
| **JOHNATHON IRISH** ) | |
| _____ ) | |

**UNITED STATES' MOTION TO LIFT THE STAY ON THE HEARING PERTAINING TO DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO RELINQUISH CERTAIN PERSONAL PROPERTY**

On April 24, 2015, Johnathon Irish filed a motion to compel the Government to relinquish certain personal property seized during an investigation into his alleged criminal activities (of which he was ultimately convicted). As Mr. Irish acknowledged in his motion, the Government has made efforts to arrange the return of much of his personal property. However, Mr. Irish also seeks the release, to a third party, of some additional items, including:

(1) A "Sig Sauer 5.56 caliber Sig 526 AR-15 type rifle bearing serial number 53E001626";

(2) A "Sig Sauer .45 caliber C3 1911 type pistol bearing serial number GS34120, belonging to Mr. Irish";

(3) A "Sig Sauer .40 caliber 226 pistol bearing serial number UU610922"; and

(4) Various ammunition for these firearms.

Upon reviewing the defendant's motion and the Government's response, this Court issued an order on May 6, 2015 setting a hearing on the matter (for May 19, 2015), and directing

1

the parties to meet and confer and attempt to resolve the dispute by agreement prior to the hearing.[1]

Subsequent to filing its response, the Government became aware of a case pending in the Supreme Court of the United States which may impact the Court's range of options in ruling on the defendant's motion.  Specifically, in <u>Henderson v. United States</u>, Docket No. 13-1487 (argued February 24, 2015, decision pending), the question presented was whether, following a felony conviction that makes it unlawful to possess firearms under 18 U.S.C. § 922(g)(1), a defendant is entitled under Federal Rule of Criminal Procedure 41(g) or general equity principles to have non-contraband firearms that were held by the government during the criminal proceedings transferred to his wife or to his friend.  Given the parallels between the issue presented to the Supreme Court and the issue presented in the defendant's instant motion, the Government filed a Motion to Stay the Hearing pending the disposition of <u>Henderson</u>, which this Court granted on May 18, 2015.

As luck would have it, only minutes before the Court issued its ruling to stay the hearing, the Supreme Court issued a slip opinion in <u>United States v. Henderson</u>, 575 U.S. ____ (Decided May 18, 2015).  <u>See</u> Government Exhibit 1.  Accordingly, the Government hereby moves to lift the stay and schedule the hearing on the defendant's motion on any date the Court sees fit.  The Government would suggest, however, that the Court schedule that hearing at least 7 days from today's date, to provide the parties – and specifically, the defendant – with ample time to review and digest the Supreme Court's decision in anticipation of the hearing.  The Government intends to provide the defendant with a paper copy of that decision with its service of this motion.

---

[1] On May 8, 2015, counsel for the Government and Mr. Irish did communicate and attempt to reach an agreement regarding the disposition of the specified property.  Although the meeting was productive, the parties were unable to reach any such agreement.

WHEREFORE, the Government requests that the Court lift the stay on the hearing on the defendant's motion to compel the relinquishment of certain specified personal property, and schedule that hearing on any date the Court sees fit, but providing the defendant with sufficient time to review the decision.[2]

          Respectfully submitted,

          DONALD FEITH
          Acting United States Attorney

By:      /s/ Nick Abramson_____
          Assistant United States Attorney
          MA Bar No. 672267

Date: May 18, 2015      53 Pleasant Street, 4th Floor
          Concord, NH 03301
          (603) 225-1552

---

[2] On today's date, the defendant filed an objection to the Government's Motion to Stay the Hearing. Accordingly, the Government is assuming that the defendant assents to this Motion to Lift the Stay, and therefore that the Government has met its obligation to obtain concurrence pursuant to Local Rule 7.1(c).

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served on Johnathon Irish via E.C.F. and U.S. Mail (to address 311 Lyndeboro Road, New Boston, New Hampshire 03070).

                                                  /s/ Nick Abramson  
                                                  Nick Abramson  
                                                  Assistant United States Attorney