UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * *
                                  *
UNITED STATES OF AMERICA          *
                                  *   13-cr-142-01-PB
            v.                    *   September 23, 2014
                                  *   11:00 a.m.
JONATHON IRISH                    *
                                  *
* * * * * * * * * * * * * * * * *
```

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE PAUL J. BARBADORO

Appearances:

For the Government:   John P. Kacavas, USA
                      Nick Abramson, AUSA
                      U.S. Attorney's Office
                      53 Pleasant Street
                      Concord, NH 03301

For the Defendant:    Lawrence A. Vogelman, Esq.
                      Nixon Raiche Vogelman &
                         Slawsky, P.A.
                      77 Central Street
                      Manchester, NH 03101

Court Reporter:       Diane M. Churas, LCR, CRR
                      Official Court Reporter
                      U.S. District Court
                      55 Pleasant Street
                      Concord, NH  03301
                      (603) 225-1442

1       BEFORE THE COURT
2               THE CLERK:  Court has for consideration today
3    a status hearing in Criminal Case No. 13-cr-142-01-PB,
4    United States of America versus Jonathon Irish.
5               THE COURT:  All right, counsel, you asked for
6    a hearing?
7               MR. VOGELMAN:  Yes, Judge.  I guess since we
8    are here, the first thing on the agenda is to inform the
9    Court that we have received a copy of the competence
10   evaluation --
11              THE COURT:  I did as well.
12              MR. VOGELMAN:  -- and the defense will not be
13   challenging that finding.
14              THE COURT:  All right.  So the question then
15   is do we need any kind of a hearing.  I haven't seen
16   anything that would cause me to doubt the defendant's
17   competency.  The evaluation concludes that he is
18   competent.  Is there a need for a hearing on the matter
19   since we don't seem to have any evidence that would cast
20   substantial doubt on his competency?
21              The defendant clearly suffers from mental
22   illness.  He clearly has significant emotional problems.
23   I don't doubt that, but I haven't seen anything in his
24   behavior or in the record in the case which would cause
25   me to question his competency.  So I don't know what we

1  would do at a hearing.  I'm willing to hold one if
2  anyone asks me to, but I'm not sure what purpose we
3  would accomplish in doing so.  Do you think we need to
4  hold a hearing?
5           MR. VOGELMAN:  No, Judge.  The concerns I
6  originally had I think have been answered by the report,
7  and the defense will not be asking for a hearing.
8           THE COURT:  Yeah.  Your client is in a very
9  difficult situation right now.  He's had a very
10 difficult and turbulent last several years and he
11 suffers from mental illness.  There's no question in my
12 mind about that.  So I don't fault you for asking for
13 the hearing but nothing that would cause me to doubt his
14 competence.  Does the government think there's any
15 reason to hold a hearing?
16          MR. ABRAMSON:  No, your Honor, and we would
17 present nothing at the hearing to contradict the final
18 report.
19          THE COURT:  So because there is no evidence
20 available to me to question his competency, it doesn't
21 seem to me that I need to hold a hearing or make any
22 ruling.  It was an opportunity requested by the defense
23 to have competency evaluated.  The only evidence in the
24 record is that the defendant is clearly competent, that
25 he understands the nature of the proceedings, the role

1  that the principal players, the judge, the prosecutor,
2  defense counsel, the jury, and he play in that
3  proceeding.  He understands the way the proceedings will
4  progress.  He is completely engaged in his defense.
5         He has views about his defense which are at
6  odds with counsel's views about the defense, but that
7  doesn't make him incompetent in any way.  So I have no
8  doubt, based on what's been produced here, that the
9  defendant is, in fact, competent to stand trial.  He can
10 assist counsel in preparing a defense and that he has a
11 full understanding of the nature of the proceedings that
12 he's facing here.  So it is my judgment that he is
13 competent and no hearing is necessary.
14         What else did you want to cover?
15         MR. VOGELMAN:  Would you mind if I sit?
16         THE COURT:  No, please sit.
17         MR. VOGELMAN:  I thought I could do it.
18         THE COURT:  I recognize that you have some
19 health issues.  That's fine.
20         MR. VOGELMAN:  Well, the second thing really
21 revolves around that, and I have spoken to the
22 government about it.  I go in for shoulder surgery this
23 Thursday that cannot be postponed because what's torn
24 has to be repaired.  If I wait till November, the
25 surgeon is not optimistic it could be repaired.

1    THE COURT: When's the trial scheduled?
2    MR. VOGELMAN: Beginning of November.
3    THE COURT: When will you be recovered
4 sufficiently to try the case?
5    MR. VOGELMAN: To even drive, probably the
6 beginning of November. Six weeks in a sling, a weekend
7 on narcotics, and it will be virtually impossible for me
8 to be preparing the case in the month of October and
9 visiting the defendant.
10    THE COURT: So do you want a continuance until
11 December? Is that your position?
12    MR. VOGELMAN: Yes, that would be my
13 preference.
14    THE COURT: Have you consulted with your
15 client on that? Is he agreeable?
16    MR. VOGELMAN: I don't know yet, Judge. I
17 told him that's -- the other issue that relates to this
18 is the last time we all met, the issue of status of
19 counsel was sort of left in abeyance. I think what you
20 indicated is that when we come back, you were going to
21 address it again with him, and so this I guess is
22 another factor that factors into his decision.
23    THE COURT: Well, let's just stop, okay? I
24 don't think the continuance has anything to do with
25 whether you should remain as his attorney, because if I

1   were to give him another attorney, there's no way that
2   any lawyer could be ready for trial in November in this
3   case.  You and the prior counsel have made very clear to
4   me there's a vast body of materials that require review,
5   and I've already approved -- well, I'm sorry.  I
6   understand that there will be a significant charge in
7   your case already just for the work that you've done in
8   trying to get up to speed on the case.  If you're not
9   ready for trial in November, no one will be ready for
10  trial in November.  The case simply can't be tried in
11  November.  So whether I keep you or not will not affect
12  when the trial is scheduled.
13            MR. VOGELMAN:  Well, there was another option
14  that you posed to Mr. Irish which he was considering,
15  which was going pro se.
16            THE COURT:  Right.  And we'll talk about that,
17  and if he wanted to represent himself and he wanted to
18  go to trial in November, I think both decisions would be
19  ill advised and I will explain that to him, but that
20  certainly is a possibility.  I certainly will inquire of
21  him about that.
22            But I want to be clear.  You're not seeking to
23  be removed from the case.
24            MR. VOGELMAN:  I am not.
25            THE COURT:  He has not asked that you be

1  removed from the case, not recently.  There was an
2  earlier -- in fact, he said some -- if I'm remembering
3  correctly, some rather nice things about you and your
4  background and abilities.  And, in fact, in terms of
5  experience, we probably have very few criminal defense
6  lawyers with a greater range of experience than you
7  have.  And so I don't think -- I think to the extent
8  that there's a problem between the two of you, it's that
9  he has an avenue of defense that you may not think is as
10 fruitful as he does, and that was a problem with the
11 prior lawyer as well.  And in the end of the day you,
12 after consulting with him, making reasonable efforts to
13 investigate his suggestions, have to make that decision
14 as his lawyer to pursue or not to pursue a particular
15 line of defense.  And he doesn't get to have a lawyer
16 and control the lawyer like a puppet.  That just isn't
17 an option that a defendant has.
18          So in this case the defendant would have the
19 option to represent himself or the option to continue
20 with you unless he can demonstrate to me that there's
21 some reason why you should be discharged and a successor
22 counsel appointed.
23          No successor counsel could try the case in
24 November.  So there won't be a trial in November unless
25 he wants one and represents himself.

1         So what you want me to do is to meet with you
2    and he without the government present, inquire of your
3    client as to what his current preferences are and why he
4    feels the way he does, and if he wants to represent
5    himself, I will bring the government back in and I will
6    engage in a colloquy that's necessary to determine
7    whether he can do that.  And if he wants to keep you,
8    we'll move forward.  You can file a formal motion to
9    continue explaining your need for the surgery, and I
10   will continue the case until the December trial period.
11            Okay.  That's what you want me to do?
12            MR. VOGELMAN:  Sounds like a plan, Judge.
13            THE COURT:  Does the government have any
14   objection to proceeding that way?
15            MR. ABRAMSON:  No, your Honor.
16            THE COURT:  All right.  We'll close the court
17   to anyone other than court personnel.  Please remain in
18   the vicinity and we'll call you back in when we have a
19   moment.
20            MR. ABRAMSON:  Yes, your Honor.
21            (Government left courtroom.)
22            THE COURT:  Who are the people in the back?
23            THE CLERK:  You're law clerks.
24            UNIDENTIFIED:  Interns of Judge McCafferty.
25            (Ex parte hearing transcribed under separate

9

1  cover.)
2              (Government returned to the courtroom.)
3              THE COURT:  All right.  Attorney Abramson, I
4  wanted to update you on where we are in the matter.  I
5  held an ex parte hearing with the defendant to evaluate
6  his concerns about the representation he was receiving.
7  I'm satisfied after that evaluation that the defendant
8  wants to retain Attorney Vogelman as his attorney, does
9  not wish to represent himself.  He recognizes that a
10 continuance of the trial will be necessary because of
11 Attorney Vogelman's surgery.  There is no basis that I'm
12 aware of for dismissing Attorney Vogelman, and the
13 defendant does not wish to represent himself.  So
14 Attorney Vogelman is going to remain his attorney.
15             In speaking with the defendant today and on
16 earlier occasions, it is quite clear to me that the
17 principal source of tension between the defendant and
18 his current counsel and prior counsel arises from the
19 defendant's very strongly held view that he has been a
20 victim of governmental misconduct.  This is no secret.
21 His view is that the agent involved in investigating the
22 case has engaged in a variety of types of misconduct,
23 that he has improperly threatened the defendant's loved
24 ones with prosecution according to the defendant, that
25 he has improperly interceded with respect to custody

1   matters, and that that conduct, in the defendant's view,
2   is so serious as to warrant dismissal of the charges
3   against him.
4           I've explained to the defendant that that is a
5   -- to the extent that that is available as a defense, it
6   is an extremely limited area and -- but given how
7   strongly the defendant feels about it, I have suggested
8   to Attorney Vogelman that he investigate the matter and,
9   if he can ethically do so, bring that matter to the
10  Court's attention which would be in the form of a motion
11  to dismiss.  The government can respond to that motion,
12  and once that motion is resolved, if there is a case
13  remaining, it would be much easier to get the matter
14  resolved because that has been the principal source of
15  concern that the defendant has and he's wanted that
16  concern to be expressed in the course of the proceeding.
17          There's no statement of the defendant to be
18  suppressed.  That's the ordinary way this kind of
19  argument comes up.  So there's no statement.  Sometimes
20  it comes up in an effort to challenge a guilty plea,
21  that the plea was induced by improper threats or
22  promises, but the defendant's not pleading guilty so
23  that issue is not -- the only other way that I can think
24  of by which the concerns that the defendant has could be
25  raised in the context of his trial would be in this very

```
 1  narrow area.
 2           I'm not in any way suggesting that the
 3  defendant's concerns have merit.  I know nothing about
 4  the facts of the case.  I've explained to the defendant
 5  that the law in this area, to the extent it would ever
 6  allow for dismissal, is in a very limited set of
 7  circumstances and this case may well not qualify under
 8  that limited set of circumstances, but I feel that in
 9  order to keep the case moving forward, it's better to
10  allow the issue to be aired in the course of the
11  proceeding to the extent Attorney Vogelman ethically can
12  do so.  And he's agreed to do that, and I expect that
13  following the investigation, say, within -- now, when is
14  your surgery, Attorney Vogelman?
15           MR. VOGELMAN:  Friday.
16           THE COURT:  So you may not be in a position to
17  file this for some time then.
18           MR. VOGELMAN:  I do have the benefit of a law
19  student in my office that could help me with the
20  research.  I could probably get it done in two or
21  three weeks.  I can't get it done right away.  Sometime
22  in the month of October.
23           THE COURT:  Right.  So where are we,
24  September 23rd.  The case would have to be moved to the
25  December trial period.  So we're going to move the case.
```

1  You will file a motion detailing your surgery and
2  requesting a continuance.  I will grant that.  The case
3  will be put on for the December trial period.
4          Realistically then why don't we look at, say,
5  the 14th of October for you to file your motion and the
6  23rd of October for the government's response.  You can
7  start doing your research on it now.  So I assume you
8  will be able to file a response.  That would leave us
9  the week before.  If I needed to hold a hearing, I could
10 hold a hearing on the motion to dismiss.  But the
11 parties should be preparing for trial anyway.  We're
12 putting the case off until December so that will work
13 fine anyway.  Will that give you enough time, Mr.
14 Vogelman?
15          MR. VOGELMAN:  I believe so.
16          THE COURT:  If you need more time, file a
17 motion and we can extend it out a little bit.  I would
18 like to get the issue resolved well before the trial if
19 I can.
20          MR. VOGELMAN:  I will do my best.
21          THE COURT:  Let's plan on that schedule.  Is
22 that acceptable to you, Mr. Abramson?
23          MR. ABRAMSON:  Yes, it is, your Honor.
24          THE COURT:  Let's plan on that.  I hope the
25 defendant will understand, I've listened to you.  That's

1 what's most concerning to you.  We're going to let you
2 take it up even though there's a very limited likelihood
3 of success on it, and I hope you will then continue, as
4 you have been, working with Mr. Vogelman and to do
5 whatever is in your interest, whatever that is,
6 listening carefully to Mr. Vogelman, and this is the
7 avenue by which this particular problem can be explored.
8 Once we are done with that, you need to move on and look
9 at everything else in the case, not get fixated on just
10 this particular issue.  Do you understand?
11             THE DEFENDANT:  Yes, your Honor.
12             THE COURT:  Good.  I think that's a good plan.
13 Good luck on your surgery.  File a motion to continue.
14             MR. VOGELMAN:  There's one other thing, the
15 reason I brought Nick back in.
16             THE COURT:  Oh, I'm sorry.
17             MR. VOGELMAN:  I will articulate it I think,
18 and if Mr. Irish wants to, he can add to it.
19             In the Court's order regarding a competency
20 hearing, I believe the last sentence Mr. Irish reminded
21 me was for a competency hearing and I think it said
22 detention hearing.  I don't remember it saying that, but
23 he does.
24             THE COURT:  I will look at the order.  If it
25 was, I didn't plan on a detention hearing.  Do you have

1  the order?
2              THE CLERK:  No.
3              THE COURT:  Maybe it was a form order that got
4  issued.  It should not have had that.
5              MR. VOGELMAN:  Whether or not it does, your
6  Honor, Mr. Irish believes -- again, I wasn't here for
7  that, but many of the circumstances that led to the
8  denial of bail at the original detention hearing with
9  presence of weapons and things like that no longer
10 exist, and he has asked me to ask the Court if it is
11 possible that pending trial that he be released.
12             THE COURT:  Well, what we need to do is you
13 can detail in a motion -- file a motion for a new
14 bailing hearing and in that motion state whatever you
15 think are changed circumstances that warrant
16 reassessment.  The government would respond in the
17 ordinary course and I will rule on the papers.  I think
18 that's probably the best way.
19             Mr. Irish, you should meet with your lawyer
20 today after the hearing.  He will file a new motion for
21 bail, and what he needs to do is he needs to explain to
22 me what's different now from what was there the last
23 time that warrants bail.  He can set it out, and I will
24 hear the government's response, and then I will rule on
25 the papers as to whether there should be any changed

1  circumstances that warrant your release on bail.
2           If the prior order did have a line in there
3  about revocation -- a further bail hearing, it was an
4  inadvertent inclusion on my part from a prior form
5  order. I was not contemplating --
6           (Pause.)
7           Yeah. Unfortunately that must have been -- I
8  apologize for this. When I issue orders on committal, I
9  use a form, and apparently I didn't proofread that last
10 line carefully enough when I issued the form. I take
11 responsibility for it. It was a mistake on my part. I
12 did not intend to have a detention hearing. But I'm
13 still willing to entertain the request for additional
14 bail.
15          MR. VOGELMAN: I will put it in writing,
16 Judge.
17          THE COURT: Put it in writing, you respond to
18 it, and I will issue an order about it. Again, I
19 apologize to the parties for my mistake. It's just one
20 of many, many things I sign during the course of the day
21 and I did not --
22          THE DEFENDANT: Computers, your Honor.
23          THE COURT: Yeah. I did not read it as
24 carefully as I should have because I see those -- Mr.
25 Irish, I see those orders fairly frequently and it

1  happens.  We need to follow a form for them and that's
2  how it happened.  I apologize to everybody for the
3  mistake.
4           But I do think I should entertain a request
5  for additional bail.  You explain what's different.  You
6  respond.  In the ordinary course I will rule on the
7  papers.
8           Is there anything else we need to deal with
9  today.
10          MR. VOGELMAN:  I don't believe so.
11          MR. ABRAMSON:  Nothing further, your Honor.
12          THE COURT:  Good luck with your surgery.  File
13 a motion to continue before.  I will grant it.  And
14 let's really use December as a firm trial date so we can
15 get this case resolved.  I know Mr. Irish wants it and
16 the government does as well.  All right.  Thank you.
17          (Adjourned at 11:45 a.m.)
18
19
20
21
22
23
24
25

C E R T I F I C A T E

    I, Diane M. Churas, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings, to the best of my knowledge, skill, ability and belief.

Submitted: 5/28/15

*Diane M. Churas*

**DIANE M. CHURAS, LCR, RPR, CRR**
LICENSED COURT REPORTER, NO. 16
STATE OF NEW HAMPSHIRE