UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No. 1:13-cr-00142-PB |
| v. ) | |
| ) | |
| JOHNATHON IRISH ) | |
| _____ ) | |

**UNITED STATES' RESPONSE TO MR. IRISH'S REQUEST FOR A HEARING
REGARDING MONEY DAMAGES**

I.   INTRODUCTION

On May 29, 2015, this Court held a hearing on Mr. Irish's motion to compel the return of certain specified items of personal property, including three firearms and some ammunition. At that hearing, the parties agreed that those items of property would be released to a third party – an individual named Roscoe Whitney – on the condition that the government be given the opportunity to interview Mr. Whitney and assess his suitability as a third-party custodian. The following week, on June 4, 2015, Mr. Whitney was interviewed by a Special Agent with the Federal Bureau of Investigation. At the conclusion of that interview, Mr. Whitney was determined to be a suitable custodian.

On Tuesday, July 14, 2015, Special Agent Christiana (FBI) turned over to Mr. Whitney three firearms and the ammunition, as agreed by the parties. As part of that release of property, the government asked Mr. Whitney if he would agree to a stipulation that he retain the property (and not dispose of it) until Mr. Irish had exhausted any claims for § 2255 relief, or the termination of Mr. Irish's period of supervised release, whichever occurred later; and that Mr. Whitney agree to temporarily return those items to the government should they be required for

1

any evidentiary hearings during that time. Mr. Whitney stated that this stipulation was acceptable to him, and he signed a document stating as much. Additionally, on July 7, 2015, Mr. Irish's remaining personal property was returned to him by the FBI.

On August 10, 2015, Johnathon Irish filed a "Status Update Regarding Defendants Return of Property," which, in part, requests a hearing on several claims, including: (1) a request for reimbursement on grounds that certain firearms, over which Mr. Irish still retains an ownership interest (but no possessory interest due to his felony conviction), were damaged while stored by the FBI in anticipation of his trial; (2) that certain personal property, including firearm ammunition and several knives, have not been returned to him; and (3) that the aforementioned condition to which Mr. Whitney stipulated – that he not dispose of the firearms and/or ammunition until the conclusion of Mr. Irish's pursuit of § 2255 relief – is unacceptable to Mr. Irish, and somehow violates the terms of an "agreed upon stipulation" between the parties at the May 29, 2015 hearing.

As to the first two claims, it appears that Mr. Irish seeks to employ Rule 41(g) as a vehicle for post-conviction relief in the form of monetary damages for property that was purportedly lost or damaged – a position which has been expressly rejected by this Court. See United States v. Shomaker, 2006 WL 1236841 (D. N.H. 2006). Thus, no hearing is necessary because this Court lacks the jurisdiction to address those claims. Nor is a hearing necessary as to Mr. Irish's third claim, because the process undertaken by the government to return Mr. Irish's personal property to Mr. Whitney was not only appropriate, but consistent with what was discussed before the Court in the most recent hearing in this matter.

II. <u>NO HEARING IS NECESSARY</u>

 (1) <u>This Court has no jurisdiction over Mr. Irish's claims for monetary damages</u>

As a preliminary matter, this Court lacks jurisdiction over Mr. Irish's claims for reimbursement for (a) the purported damage to his firearms and (b) the value of certain specified items of personal property that Mr. Irish claims were seized by the government, but not returned. Counsel for the government has agreed to speak with representatives from the Brentwood, New Hampshire Police Department and the Federal Bureau of Investigation to determine whether there are any outstanding items of personal property that have yet to be returned to Mr. Irish.[1] If those items have not been returned, and are still in the government's possession, the government will immediately return those items either to Mr. Irish or to Roscoe Whitney, the designated custodian.

If those items are no longer in the government's possession, however (or if they never were), the only remedy would be monetary damages, and this Court lacks jurisdiction to grant money damages in the context of Mr. Irish's motion. See <u>United States v. Jones</u>, 225 F.3d 468, 470 (4th Cir. 2000) (Rule 41(g) is not an appropriate post-conviction vehicle to seek money damages); <u>United States v. Norwood</u>, 602 F.3d 830, 835-38 (7th Cir. 2010) (similar). Instead, Mr. Irish may be able to assert a claim for the value of any destroyed, lost, or damaged property under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-81. See <u>Clymore v. United States</u>, 415 F.3d 1113, 1118 (10th Cir. 2005); <u>United States v. Hardin</u>, 2015 WL 1811135, at *10 (E.D. TN 2015) ("Rule 41(g) . . . does not . . . authorize a defendant to sue the government for compensation [when the property in dispute, as here, has been lost or destroyed]. For this reason, at least nine circuits have held that sovereign immunity bars an award of money damages

---

[1] Although counsel for the government is willing to undertake this inquiry, it is with the expectation that there are no outstanding items of Mr. Irish's personal property still in the government's possession.

3

against the government on a Rule 41(g) motion where the property cannot be returned.  In such cases, the appropriate way for the defendant to seek relief is to file a case under the Federal Tort claims act.").  A prerequisite for such an action, however, is that the claim first be presented to the appropriate federal agency within two years after the claim accrued.  18 U.S.C. §§ 2401(b) & 2675(a).[2]  Moreover, a claim cannot be presented under the Federal Tort Claims Act unless and until Mr. Irish first exhausts all of his administrative remedies, see 28 U.S.C. § 2675(a), which, as far as the government can determine, Mr. Irish has not attempted.

This Court (DiClerico, J.) addressed a similar issue in United States v. Shomaker, 2006 WL 1236841 (D. N.H., May 23, 2006).  In Shomaker, the defendant filed a post-conviction motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of personal property which had been seized incident to the defendant's arrest.  The property, which, according to the government, had admittedly been seized, was ultimately destroyed over the intervening decade, before the defendant requested that it be returned.  The Court found that, because the property could not be returned to the defendant, money damages was his only remedy – leaving the Federal Tort Claims Act as his avenue of recourse.

In this case, unlike in Shomaker, it is not clear to counsel for the government, at this time, whether the property sought by Mr. Irish was ever seized by the government, and if so, whether that property was destroyed or lost.  The government has agreed to investigate the matter to make that determination.  Regardless of the result of that inquiry, however, no hearing will be necessary in his *criminal* case: the property will either be located and returned, or Mr. Irish will have to pursue an independent claim under the Federal Tort Claims Act (or some other form of

---

[2] "An action under the FTCA accrues when the injured party knew or, in the exercise of reasonable diligence, should have known the factual basis for the cause of action." Rakes v. United States, 442 F.3d 7, 19 (1st Cir. 2006).

4

civil relief). This Court, in this matter, is not the appropriate forum in which to address these claims for monetary relief.

> (2) <u>The government did not "violat[e]" any agreement with respect to the return of Mr. Irish's property</u>

During the May 29, 2015 hearing on Mr. Irish's motion to compel the return of certain personal property, the government agreed that it would return some of the property (firearms and ammunition) to an individual named Roscoe Whitney, if Mr. Whitney was deemed a suitable custodian. During that assessment, Mr. Whitney was asked if he would be comfortable stipulating that he retain the firearms, and not dispose of them, until Mr. Irish had either exhausted his pursuit of § 2255 relief, or Mr. Irish's period of supervised release had been terminated, whichever occurs later; and that Mr. Whitney temporarily return any property to the government should it be required for any future evidentiary hearings. Mr. Whitney stated that he was, indeed, comfortable with that stipulation, and signed a document stating as much on or about July 14, 2015. Mr. Whitney agreed to that stipulation in the presence of counsel for the government, and he was in no way "forced" to accept that stipulation, as Mr. Irish claims.

Although counsel for the government does not possess a copy of the transcript from the May 29, 2015 hearing, counsel believes that this type of condition was expressly discussed in open Court in the presence of the presiding Judge, as a possible way to alleviate any concerns that items with evidentiary value might be sold or destroyed after their relinquishment. In light of the potential evidentiary value of those items, the condition is entirely appropriate. There is, therefore, no need for a hearing on this claim. No "agreement" was violated; the conditions of the release of those firearms were reasonable; and those conditions were readily agreed to by the custodian, Roscoe Whitney.

III.    CONCLUSION

The government hereby requests that this Court deny Mr. Irish's request for a hearing. Counsel for the government has agreed, at the request of Mr. Irish, to follow up with the Federal Bureau of Investigation and the Brentwood, New Hampshire Police Department regarding the status of certain specified items of personal property. To the extent those items are no longer (or never were) in the government's possession, Mr. Irish must follow the procedures outlined in the Federal Tort Claims Act. This Court, in the instant matter, is not the appropriate forum in which these claims should be addressed.

                Respectfully submitted,

                DONALD FEITH
                Acting United States Attorney

By:       /s/ Nick Abramson_____
                Nick Abramson
                Assistant United States Attorney
                MA Bar No. 672267
                53 Pleasant Street, 4th Floor
                Concord, NH 03301
                (603) 225-1552
Date: August 11, 2015                Nick.Abramson@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on Johnathon Irish via E.C.F. and U.S. Mail (to address 311 Lyndeboro Road, New Boston, New Hampshire 03070).

                                /s/ Nick Abramson
                                Nick Abramson
                                Assistant United States Attorney