# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JOHNATHON IRISH** | Case No.: 1:13-cr-00142-PB<br><br>**MOTION TO VACATE OR SET ASIDE SENTENCE UNDER 28 U.S.C. § 2255** |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO VACATE OR SET ASIDE SENTENCE UNDER 28 U.S.C. § 2255

Johnathon Irish respectfully moves the Court to vacate or set aside his sentence under 28 U.S.C. § 2255 because his guilty plea was obtained in violation of his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution when Mr. Irish was coerced to accept a plea agreement or have his appointed counsel abandon him prior to trial.

### FACTUAL STATEMENT

On or about November 1, 2013, Johnathon Irish was charged with five counts related to the alleged transfer of a firearm: three counts relating to obstruction of justice and two federal firearms counts. A federal public defender was appointed to represent Mr. Irish.

Approximately five months later, a CJA attorney, Lawrence A. Vogelman, Esq. (hereafter "appointed counsel"), was subsequently appointed to represent Mr. Irish. *See* Doc. No. 51.

Mr. Irish and his appointed counsel did not get along well. Mr. Irish sought to discharge his appointed counsel, expressing his concerns that his appointed counsel was not representing his interests and was declining to communicate with Mr. Irish about his case. Mr. Irish requested

at least twice to remove his appointed counsel.

Ultimately, Mr. Irish's appointed counsel encouraged Mr. Irish plead guilty to Count 1 (Material false statement in connection with the acquisition of a federal firearm; 18 U.S.C. §§ 2, 922(a)(6), 924(a)(2)) and Count 2 (Material false statement to a federal agent; 18 U.S.C. § 1001). Mr. Irish's appointed counsel told Mr. Irish that he would not represent Mr. Irish at trial—potentially abandoning Mr. Irish just before trial—if Mr. Irish did not plead guilty to Counts 1 and 2.

Separate from his appointed counsel, Mr. Irish alleges that he was pressured by federal law enforcement to plead guilty. And, that if he did not enter such a plea, his family would suffer additional consequences and that Mr. Irish's minor daughter would be taken from him. Mr. Irish claims that he reported these continuing threats to his appointed counsel, but no action was taken. Notably, during Mr. Irish's plea colloquy, when asked whether he was threatened or coerced to plead guilty, Mr. Irish responded that the government would leave my family alone if he pleaded guilty.

Subsequently, Mr. Irish learned that his appointed counsel is a vociferous opponent of firearms. Mr. Irish believes that his attorney's personal beliefs unavoidably colored and irreparably prejudiced Mr. Irish's defense on federal firearms-related charges. And that, contrary to Mr. Irish's goal of the representation, appointed counsel exerted little to no effort in preparing Mr. Irish's defense. Upon a search of the three banker's boxes which contain Mr. Irish's files (the bulk being discovery materials) there is scant evidence that appointed counsel was actually preparing a defense. There is no readily apparent record of even witness contacts.

Additionally, Mr. Irish feels that his appointed attorney withheld this information, such

that Mr. Irish was not able to give informed consent to the critical decision to enter guilty pleas on Counts 1 and 2.

Further, Mr. Irish contends that his appointed counsel explicitly advised him that there were no lesser alternatives to his pleas. But Mr. Irish later discovered that there were misdemeanor-level federal offenses related to firearms which his counsel could have explored (e.g. 18 U.S.C. § 922(m), relating to a failure to keep records). Mr. Irish feels his appointed counsel should have advised Mr. Irish of those alternative charges for plea-bargaining purposes. Mr. Irish would not have pleaded guilty to two false-statement charges if he were properly advised there were lesser, related charges which might have been offered to the United States.

Mr. Irish does not attack the application of the sentencing guidelines to his conviction. Mr. Irish remains sentenced to a period of supervision. Mr. Irish has not made any other motion under 28 U.S.C. § 2255. Mr. Irish did not make a direct appeal of his case.

## ARGUMENT

### I.   Mr. Irish's Motion Under 28 U.S.C. § 2255 Is Neither Time-Barred Nor Waived

Under 28 U.S.C. § 2255, a sentence which is imposed in violation of the Constitution or laws of the United States is subject to collateral attack and review by the trial court.

A one-year period of limitations applies to motions under 28 U.S.C. § 2255. 28 U.S.C. 2255(f). That date runs from the *latest* date of several choices. Mr. Irish complains that under 28 U.S.C. § 2255, the latest date upon which this could happen would be in the Summer of 2015, when Mr. Irish learned about his appointed counsel's hostility towards firearms. Accordingly, predicated upon that discovery, a § 2255 motion is not barred as untimely under the 1-year period of limitations established by § 2255(f). Alternatively, the limitations period shall run from 1-year

of the date of judgment, which is marked upon the docket of this case as February 19, 2015.

Finally, the non-raised ineffective assistance of counsel issue is not waived though it has not been presented to date. See generally *Massaro v. United States*, 538 U.S. 500 (2003).

## II. Irish's Counsel Was Constitutionally Inadequate, Violating Mr. Irish's Sixth Amount Right To Counsel Under The U.S. Constitution

Mr. Irish maintains that his right to effective of assistance to counsel was violated because his appointed attorney failed to represent him adequately during the plea bargaining stage, given the nature of appointed counsel's beliefs and the particular firearms-related charges Mr. Irish was facing. This resulted in appointed counsel's continuing refusals to communicate with Mr. Irish and subsequent threats to abandon Mr. Irish before trial if Mr. Irish did not plead guilty to Counts 1 and 2.

In order to prevail on his ineffective assistance of counsel claim, Mr. Irish must show that (1) his appointed counsel's representation was "deficient", and (2) the conduct prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

Under *Strickland*, an attorney's performance is deficient "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted). Further, a defendant must "overcome the strong presumption" that the action he challenges might be sound strategy on the part of his attorney. See *Horton v. Allen*, 370 F.3d 75, 81 (1st Cir. 2004) (internal quotation marks omitted).

### A. Mr. Irish's Appointed Counsel's Representation Was Deficient Because Threatened to Terminate Representation Immediately Prior to Trial If Mr. Irish Did Not Agree to Plead Guilty

First, Mr. Irish's argues that his appointed counsel was a vocal opposing of firearms generally, and the offenses and investigation which resulted in Mr. Irish's prosecution were related to firearms. If Mr. Irish knew this about his appointed counsel, he would have asked to discharge the appointed counsel just the same as his original counsel for prejudicially referring to Mr. Irish as a "gun nut." However, Mr. Irish did not learn about his appointed counsel's beliefs until several months after sentencing in 2015, when Mr. Irish again had access to research materials and was able to exercise reasonable diligence in researching his case.

Mr. Irish notes that the animosity between Mr. Irish and his appointed counsel was conveyed to the Court. Mr. Irish had asked for new counsel because his appointed counsel refused to move to dismiss two of the charges and raised a defense of prosecutorial misconduct by Special Agent Phil Christiana and U.S. Attorney John Kavacas.

Later, Mr. Irish's appointed counsel moved to continue trial to attend to personal medical needs (i.e. shoulder surgery) because he would be "out of commission". While attending to medical needs certainly cannot be faulted, Mr. Irish's appointed counsel stated that staff from appointed counsel's office would nonetheless continue the representation and be in contact with Mr. Irish. Yet, this was not the case: Mr. Irish received no assistance during his appointed counsel's absence.

Faced with continued refusal from his appointed counsel to communicate with him about his defense, Mr. Irish was compelled to file a *pro se* motion with this Court seeking case-related discovery and dismissal of certain charges. Doc. No. 63.

Mr. Irish was persistent in his claims that his appointed counsel was working against his interests, and that Mr. Irish could not trust his appointed counsel to represent him appropriately because appointed counsel was refusing to act. See Doc. No. 79.

Yet again, Mr. Irish filed another *pro se* motion seeking the appointment of new counsel. Doc. No. 80. In that motion, Mr. Irish again described his inability to contact his appointed counsel: describing that appointed counsel had insisted upon contact by email only; then, by paper letter only (at a time when Mr. Irish was then held in a Massachusetts facility and restricted from accessing paper or postage); and describing that Mr. Irish's phone calls were ignored by appointed counsel's office.

Ultimately, Mr. Irish's appointed counsel warned that he would refuse to represent Mr. Irish at trial at all. And that Mr. Irish's choice was to agree to the plea bargain which the U.S. Attorney was offering on Counts 1 and 2 or to proceed to trial without representation by appointed counsel.

However, it is axiomatic that defense counsel's duty—in all cases—to abide by the client's objectives of representation. See generally New Hampshire Rule of Professional Conduct 1.2. In no context is that obligation more apparent that in that critical choice of whether plead guilty or whether to put the government to its proof at trial. And yet, Mr. Irish's appointed counsel threatened to abandon Mr. Irish shortly before trial if Mr. Irish would agree to change his plea to guilty.

No competent attorney would refuse to communicate with his client for prolonged periods of time. No competent attorney would threaten to abandon an accused in his charge shortly before trial if the accused would not agree to a plea bargain. Refusing client communication and

threatening to abandon a client before trial if a plea agreement were not made is *nowhere* a sound strategic choice: in all cases it is wholly deficient representation. No competent defense counsel would engage in any such threats to nudge a client to accept a plea bargain.

> **B.   Mr. Irish's Defense Was Prejudiced Because Mr. Irish's Appointed Counsel Threatened to Abandon Mr. Irish If He Did Not Plead Guilty; No Competent Counsel Would Make Such a Threat; And This Substantially Influenced and Overwhelmed Mr. Irish's Choice to Plead Guilty.**

Mr. Irish's defense was prejudiced because his appointed counsel "threw his case" by sitting on his hands, sure that Mr. Irish would plead guilty. Mr. Irish's appointed counsel's statement on the record that he would refuse to represent Mr. Irish at trial—effectively compelled Mr. Irish to either plead guilty to Counts 1 and 2 or face an almost certain conviction on the remaining counts after a trial without his appointed counsel.

Faced with this grim choice—and with little chance of obtaining substitute counsel—Mr. Irish acceded to that plea agreement. There can be little doubt that such a coercive threat—to be threatened with abandonment by appointed counsel shortly before trial—had an irreparably prejudicial effect on Mr. Irish's defense at the pre-trial and plea bargaining stages. Mr. Irish was thereby effectively denied his Sixth Amendment right to the effective assistance of counsel.

Because Mr. Irish's appointed counsel's representation was defective and had a prejudicial effect on Mr. Irish's defense, Mr. Irish was deprived of effective assistance of counsel under *Strickland*.

## CONCLUSION

For the foregoing reasons, Mr. Irish was deprived of his Sixth Amendment right to effective assistance of counsel. The judgment of conviction founded upon a plea agreement

coerced out of the defendant by his own appointed counsel should be vacated or set aside.

## RELIEF REQUESTED

Johnathon Irish respectfully requests that this Court:

    A. Vacate or set aside his conviction and sentence; and

    B. Order such other relief as may be just or appropriate.

Respectfully submitted,

Johnathon Irish

By his attorney,

Date:   February 19, 2016

/s/ Brandon D. Ross_____
Brandon D. Ross
NH Bar No. 19881
B.D. Ross Law Office
1181 Elm Street, Suite 202
Manchester, NH 03101
p: 603-369-6465
f: 603-369-6466
e: brandon@bdrosslaw.com

## CERTIFICATE OF SERVICE

A copy of this Motion was served upon the United States of America via the AUSA of record via this Court's electronic filing facilities.

Date:   February 19, 2016                                                 /s/ Brandon D. Ross_____